D. GILL SPERLEIN (172887)
THE LAW OFFICE OF D. GILL SPERLEIN
584 Castro Street, Suite 879
San Francisco, California  94114
Telephone: (415) 404-6615
Facsimile: (415) 404-6616

gill@sperleinlaw.com

Attorney for Plaintiff
IO GROUP, INC.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IO GROUP, INC. d/b/a TITAN MEDIA, a California corporation, | ) ) ) **CASE NO.: C 10-3647 (MEJ)** |
| | ) ) |
| Plaintiff, | ) **COMPLAINT:** ) |
| vs. | ) **COPYRIGHT INFRINGEMENT and** ) **CIVIL CONSPIRACY** |
| DOES 1-244, individuals, | ) ) |
| Defendants. | ) **JURY TRIAL DEMANDED** ) |
| _____ | ) |

## INTRODUCTION

1.      This is an action by IO GROUP, INC. a California corporation, d/b/a Titan Media ("Titan Media"), to recover damages arising from infringement of Io Group's copyrights in its creative works by Defendants DOE 1 -244 and to enjoin Defendants from future infringement.  Defendants reproduced, distributed, and publicly displayed, through the P2P network "eDonkey2000" certain Io Group-owned audiovisual works.

## THE PARTIES

2.      Io Group, Inc. is a California corporation doing business as "Titan Media," with its principal place of business located at 69 Converse Street, San Francisco, California 94103.   Titan Media produces, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, photographs, etc.  Plaintiff operates and maintains a website by and through which customers paying a monthly subscription fee may view Plaintiff's photographic and audiovisual works.

3.      The true names and capacities, whether individual, corporate, affiliate, or otherwise, of Defendant DOES 1-244, inclusive, are presently unknown to Plaintiff, and for that reason Plaintiff sues those Defendants by such fictitious names.  Plaintiff is informed and believes and based thereon alleges that each of the DOE Defendants is in some way responsible for the damages herein alleged.  Plaintiff will amend this Complaint when it discovers the true names and capacities of the DOE Defendants.

4.      Each Defendant used an Internet connection provided by AT&T to access the Internet for the purpose of engaging in the infringing activity complained of herein.

5.      Plaintiff is informed and believes and based thereon alleges that each of the Defendants, was and is the agent and representative of the other Defendants, acting within the purpose and scope of said agency and representation.  Plaintiff is further informed and believes and based thereon alleges that each of the Defendants, authorized and ratified the conduct herein alleged of each of the other Defendants.

COMPLAINT

**JURISDICTION**

6.    This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, *et. seq.,* and 28 U.S.C. §§ 1331 and 1338(a).

7.    The Court has personal jurisdiction over Defendants. All Defendants solicit, transact, and are doing business within the State of California and/or have committed unlawful and tortuous acts both within and outside the State of California knowing their acts would cause injury in California. Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over Defendants.

**INTRADISTRICT ASSIGNMENT**

8.    Since this matter is based in copyright it may be assigned to any of the three divisions of the District Court for the Northern District of California.

**VENUE**

9.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

**BACKGROUND**

10.    Technological advances have made it increasingly possible to transfer large amounts of data, including digital video files, by and through the Internet. As Congress and the courts clarify the law and close legal loopholes in order to hold infringers liable for their actions, would-be infringers develop new and often increasingly complex means of engaging in piracy, hoping that the complexity of their systems will help them avoid

detection, identification, and prosecution.   Defendants' infringement represents one of these manifestations of on-line digital piracy.

11.   In using the peer-to-peer (P2P) network"eDonkey2000", each of the DOE Defendants conspired with other individuals, including the other DOE Defendants, to reproduce and distribute Plaintiff's copyrighted works.   Each of the DOE Defendants conspired to provide other individuals with infringing copies of Plaintiff's works in exchange for receiving infringing copies of other works including other works belonging to Plaintiff.

## FACTS COMMON TO ALL CLAIMS

12.   Plaintiff has won numerous awards for its high-quality work beginning with an award for Best Gay Video in its first year in existence (1995).   Since then Plaintiff has won awards nearly every year including awards for Best Art Direction, Best Videography, Best Packaging, Best DVD Extras, Best Cinematography, and Best Editing.   Competitors and consumers alike recognize Plaintiff as one of the highest quality producers of gay erotica.

13.   Each of the audiovisual works at issue in this action is of obvious high production values and is easily discernable as a professional work.   Plaintiff created the works using professional performers, directors, cinematographers, lighting technicians, set designers and editors.   Plaintiff created each work with professional-grade cameras, lighting, and editing equipment.

14.   Each of Plaintiff's works is marked with Plaintiff's trademark (either TitanMedia, TitanMen, ManPlay or MSR Video), a copyright notice, a warning that

unauthorized copying is illegal and will be prosecuted, and a statement as required by 18 U.S.C. §2257 that age verification records for all individuals appearing in the works are maintained at corporate offices in San Francisco, California.

15.     All Defendants knew or should have known that Plaintiff's principle place of business is in San Francisco, California and that infringement of its works was likely to cause harm in California.

16.     At various times Plaintiff discovered and documented a number of Io Group, Inc. copyrighted works being publicly distributed by DOES 1 – 244 by and through the P2P network "eDonkey2000".

17.     Defendants, without authorization, copied and distributed audiovisual works owned by and registered to Plaintiff.

## FIRST CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT – 17 U.S.C. §501

Plaintiff Titan Media Owns Federally Registered Copyrights of Various Creative Works

18.     Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 17, inclusive.

19.     At all times relevant hereto, Plaintiff has been the producer and owner of the audiovisual works reproduced and distributed by Defendants through the P2P network "eDonkey2000".

20.     For each of the works at issue in this matter, Plaintiff holds a copyright registration certificate from the United States Copyright Office or has applied for a registration certificate.

<u>Defendants Willfully Infringed Plaintiff's Registered Copyrights</u>

21.    Plaintiff is informed and believes and based thereon alleges that Defendants without authorization, reproduced and distributed Plaintiff's copyright registered works by and through the P2P network "eDonkey2000".

22.    Defendant Doe 1, without authorization, reproduced Plaintiff's registered work *Full Access* (U.S. registration No. PA 1-670-544) and distributed it on May 5, 2010 from the IP address 99.147.204.85.

23.    Defendant Doe 2, without authorization, reproduced Plaintiff's registered work *Full Access* (U.S. registration No. PA 1-670-544) and distributed it on May 13, 2010 from the IP address 99.13.229.0.

24.    Defendant Doe 3, without authorization, reproduced Plaintiff's registered work *Full Access* (U.S. registration No. PA 1-670-544) and distributed it on May 10, 2010 from the IP address 99.72.197.27.

25.    Defendant Doe 4, without authorization, reproduced Plaintiff's registered work *Full Access* (U.S. registration No. PA 1-670-544) and distributed it on April 23, 2010 from the IP address 99.189.182.234.

26.    Defendant Doe 5, without authorization, reproduced Plaintiff's registered work *Full Access* (U.S. registration No. PA 1-670-544) and distributed it on June 7, 2010 from the IP address 99.160.5.62.

27.    Defendant Doe 6, without authorization, reproduced Plaintiff's registered work *Full Access* (U.S. registration No. PA 1-670-544) and distributed it on June 14, 2010 from the IP address 69.148.170.11.

COMPLAINT

28. Defendant Doe 7, without authorization, reproduced Plaintiff's registered work *Full Access* (U.S. registration No. PA 1-670-544) and distributed it on May 9, 2010 from the IP address 75.30.92.78.

29. Defendant Doe 8, without authorization, reproduced Plaintiff's registered work *Full Access* (U.S. registration No. PA 1-670-544) and distributed it on June 14, 2010 from the IP address 69.234.42.8.

30. Defendant Doe 9, without authorization, reproduced Plaintiff's registered work *Alabama Takedown* (U.S. registration No. PA 1-304-285) and distributed it on May 10, 2010 from the IP address 71.156.57.125.

31. Defendant Doe 10, without authorization, reproduced Plaintiff's registered work *Alabama Takedown* (U.S. registration No. PA 1-304-285) and distributed it on June 8, 2010 from the IP address 69.211.7.175.

32. Defendant Doe 11, without authorization, reproduced Plaintiff's registered work *Alabama Takedown* (U.S. registration No. PA 1-304-285) and distributed it on June 14, 2010 from the IP address 99.169.63.132.

33. Defendant Doe 12, without authorization, reproduced Plaintiff's registered work *Arcade on Route 9* (U.S. registration No. PA 1-335-711) and distributed it on June 9, 2010 from the IP address 99.181.154.83.

34. Defendant Doe 13, without authorization, reproduced Plaintiff's registered work *Arcade on Route 9* (U.S. registration No. PA 1-335-711) and distributed it on June 7, 2010 from the IP address 99.62.56.10.

COMPLAINT

35. Defendant Doe 14, without authorization, reproduced Plaintiff's registered work *Double Barrel* (U.S. registration No. PA 1-661-083) and distributed it on May 9, 2010 from the IP address 99.23.7.155.

36. Defendant Doe 15, without authorization, reproduced Plaintiff's registered work *Double Barrel* (U.S. registration No. PA 1-661-083) and distributed it on May 14, 2010 from the IP address 71.136.253.90.

37. Defendant Doe 16, without authorization, reproduced Plaintiff's registered work *Double Barrel* (U.S. registration No. PA 1-661-083) and distributed it on June 10, 2010 from the IP address 99.38.229.12.

38. Defendant Doe 17, without authorization, reproduced Plaintiff's registered work *Bad Conduct* (U.S. registration No. PA 1-666-470) and distributed it on May 31, 2010 from the IP address 70.247.116.73.

39. Defendant Doe 18, without authorization, reproduced Plaintiff's registered work *Battle Creek Break Down* (U.S. registration No. PA 1-707-877) and distributed it on May 25, 2010 from the IP address 69.106.188.173.

40. Defendant Doe 19, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration No. PA 1-617-991) and distributed it on April 2, 2010 from the IP address 99.65.9.132.

41. Defendant Doe 20, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration No. PA 1-617-991) and distributed it on April 20, 2010 from the IP address 69.231.81.191.

42. Defendant Doe 21, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration No. PA 1-617-991) and distributed it on April 9, 2010 from the IP address 76.238.5.106.

43. Defendant Doe 22, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration No. PA 1-617-991) and distributed it on May 14, 2010 from the IP address 68.126.62.231.

44. Defendant Doe 23, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration No. PA 1-617-991) and distributed it on May 16, 2010 from the IP address 68.255.254.114.

45. Defendant Doe 24, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration No. PA 1-617-991) and distributed it on May 19, 2010 from the IP address 70.138.125.116.

46. Defendant Doe 25, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration No. PA 1-617-991) and distributed it on May 20, 2010 from the IP address 76.200.146.36.

47. Defendant Doe 26, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration No. PA 1-617-991) and distributed it on May 24, 2010 from the IP address 69.106.107.92.

48. Defendant Doe 27, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration No. PA 1-617-991) and distributed it on April 20, 2010 from the IP address 99.151.112.236.

COMPLAINT

49. Defendant Doe 28, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration No. PA 1-617-991) and distributed it on May 22, 2010 from the IP address 69.232.37.68.

50. Defendant Doe 29, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration No. PA 1-617-991) and distributed it on May 26, 2010 from the IP address 75.6.246.205.

51. Defendant Doe 30, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration No. PA 1-617-991) and distributed it on April 2, 2010 from the IP address 76.200.159.184.

52. Defendant Doe 31, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration No. PA 1-617-991) and distributed it on June 6, 2010 from the IP address 69.110.31.162.

53. Defendant Doe 32, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration No. PA 1-617-991) and distributed it on April 27, 2010 from the IP address 75.37.148.26.

54. Defendant Doe 33, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration No. PA 1-617-991) and distributed it on June 8, 2010 from the IP address 99.144.233.234.

55. Defendant Doe 34, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration No. PA 1-617-991) and distributed it on June 8, 2010 from the IP address 76.220.40.238.

COMPLAINT

56.     Defendant Doe 35, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration No. PA 1-617-991) and distributed it on June 9, 2010 from the IP address 76.245.99.43.

57.     Defendant Doe 36, without authorization, reproduced Plaintiff's registered work *Breakers* (U.S. registration No. PA 1-617-991) and distributed it on June 13, 2010 from the IP address 99.177.146.113.

58.     Defendant Doe 37, without authorization, reproduced Plaintiff's registered work *Boiler* (U.S. registration No. PA 1-368-496) and distributed it on April 10, 2010 from the IP address 76.219.170.57.

59.     Defendant Doe 38, without authorization, reproduced Plaintiff's registered work *Boiler* (U.S. registration No. PA 1-368-496) and distributed it on May 22, 2010 from the IP address 99.191.36.71.

60.     Defendant Doe 39, without authorization, reproduced Plaintiff's registered work *Boiler* (U.S. registration No. PA 1-368-496) and distributed it on June 3, 2010 from the IP address 99.74.180.95.

61.     Defendant Doe 40, without authorization, reproduced Plaintiff's registered work *Boner!* (U.S. registration No. PA 990-715) and distributed it on April 6, 2010 from the IP address 99.170.53.79.

62.     Defendant Doe 41, without authorization, reproduced Plaintiff's registered work *Boner!* (U.S. registration No. PA 990-715) and distributed it on April 1, 2010 from the IP address 69.237.159.9.

63.    Defendant Doe 42, without authorization, reproduced Plaintiff's registered work *Boner!* (U.S. registration No. PA 990-715) and distributed it on May 20, 2010 from the IP address 99.20.193.132.

64.    Defendant Doe 43, without authorization, reproduced Plaintiff's registered work *Boner!* (U.S. registration No. PA 990-715) and distributed it on May 30, 2010 from the IP address 75.55.221.179.

65.    Defendant Doe 44, without authorization, reproduced Plaintiff's registered work *Boner!* (U.S. registration No. PA 990-715) and distributed it on April 17, 2010 from the IP address 173.19.91.145.

66.    Defendant Doe 45, without authorization, reproduced Plaintiff's registered work *Boner!* (U.S. registration No. PA 990-715) and distributed it on June 14, 2010 from the IP address 75.25.0.55.

67.    Defendant Doe 46, without authorization, reproduced Plaintiff's registered work *Carny* (U.S. registration No. PA 1-221-850) and distributed it on June 6, 2010 from the IP address 76.212.195.103.

68.    Defendant Doe 47, without authorization, reproduced Plaintiff's registered work *Carny* (U.S. registration No. PA 1-221-850) and distributed it on June 11, 2010 from the IP address 75.34.155.11.

69.    Defendant Doe 48, without authorization, reproduced Plaintiff's registered work *Copperhead Canyon* (U.S. registration No. PA 1-637-557) and distributed it on June 8, 2010 from the IP address 12.171.62.218.

70.     Defendant Doe 49, without authorization, reproduced Plaintiff's registered work *Copperhead Canyon* (U.S. registration No. PA 1-637-557) and distributed it on June 12, 2010 from the IP address 99.177.184.130.

71.     Defendant Doe 50, without authorization, reproduced Plaintiff's registered work *Copperhead Canyon* (U.S. registration No. PA 1-637-557) and distributed it on June 13, 2010 from the IP address 99.61.83.47.

72.     Defendant Doe 51, without authorization, reproduced Plaintiff's registered work *Code Red* (U.S. registration No. PA 1-319-594) and distributed it on April 21, 2010 from the IP address 69.109.24.43.

73.     Defendant Doe 52, without authorization, reproduced Plaintiff's registered work *Cirque Noir* (U.S. registration No. PA 1-304272) and distributed it on May 29, 2010 from the IP address 75.26.157.243.

74.     Defendant Doe 53, without authorization, reproduced Plaintiff's registered work *Cirque Noir* (U.S. registration No. PA 1-304272) and distributed it on June 4, 2010 from the IP address 99.25.235.173.

75.     Defendant Doe 54, without authorization, reproduced Plaintiff's registered work *Cirque Noir* (U.S. registration No. PA 1-304272) and distributed it on June 12, 2010 from the IP address 64.252.134.121.

76.     Defendant Doe 55, without authorization, reproduced Plaintiff's registered work *CopShack* (U.S. registration No. PA 1-352-001) and distributed it on April 14, 2010, April 16, 2010, and April 17, 2010 from the IP address 69.228.43.213.

77.     Defendant Doe 60, without authorization, reproduced Plaintiff's registered work *CopShack* (U.S. registration No. PA 1-352-001) and distributed it on May 21, 2010 from the IP address 69.228.38.188.

78.     Defendant Doe 61, without authorization, reproduced Plaintiff's registered work *CopShack* (U.S. registration No. PA 1-352-001) and distributed it on May 31, 2010 from the IP address 71.139.172.56.

79.     Defendant Doe 62, without authorization, reproduced Plaintiff's registered work *CopShack* (U.S. registration No. PA 1-352-001) and distributed it on June 10, 2010 from the IP address 173.20.139.84.

80.     Defendant Doe 63, without authorization, reproduced Plaintiff's registered work *CopShack 2* (U.S. registration No. PA 1-366-927) and distributed it on April 9, 2010 from the IP address 70.138.156.211.

81.     Defendant Doe 64, without authorization, reproduced Plaintiff's registered work *CopShack 2* (U.S. registration No. PA 1-366-927) and distributed it on April 2, 2010 from the IP address 75.17.228.84.

82.     Defendant Doe 65, without authorization, reproduced Plaintiff's registered work *CopShack 2* (U.S. registration No. PA 1-366-927) and distributed it on May 25, 2010 from the IP address 71.142.76.150.

83.     Defendant Doe 66, without authorization, reproduced Plaintiff's registered work *CopShack 2* (U.S. registration No. PA 1-366-927) and distributed it on May 20, 2010 from the IP address 69.153.62.69.

84. Defendant Doe 67, without authorization, reproduced Plaintiff's registered work *CopShack 2* (U.S. registration No. PA 1-366-927) and distributed it on May 29, 2010 from the IP address 76.247.81.38.

85. Defendant Doe 68, without authorization, reproduced Plaintiff's registered work *CopShack 2* (U.S. registration No. PA 1-366-927) and distributed it on April 11, 2010 from the IP address 70.138.156.211.

86. Defendant Doe 69, without authorization, reproduced Plaintiff's registered work *CopShack 2* (U.S. registration No. PA 1-366-927) and distributed it on June 1, 2010 from the IP address 68.76.145.41.

87. Defendant Doe 70, without authorization, reproduced Plaintiff's registered work *CopShack 2* (U.S. registration No. PA 1-366-927) and distributed it on June 14, 2010 from the IP address 99.23.124.230.

88. Defendant Doe 71, without authorization, reproduced Plaintiff's registered work *Command Post* (U.S. registration No. PA 1-618-019)and distributed it on June 1, 2010 from the IP address 75.11.52.12.

89. Defendant Doe 72, without authorization, reproduced Plaintiff's registered work *Coyote Point* (U.S. registration No. PA 1-688-979) and distributed it on June 10, 2010 from the IP address 75.46.73.182.

90. Defendant Doe 73, without authorization, reproduced Plaintiff's registered work *Coyote Point* (U.S. registration No. PA 1-688-979) and distributed it on June 13, 2010 from the IP address 76.253.126.185.

91.     Defendant Doe 74, without authorization, reproduced Plaintiff's registered work *Coyote Point* (U.S. registration No. PA 1-688-979) and distributed it on June 12, 2010 from the IP address 75.45.64.35.

92.     Defendant Doe 75, without authorization, reproduced Plaintiff's registered work *Double Standard* (U.S. registration No. PA 1-636-650) and distributed it on June 10, 2010 from the IP address 71.138.213.49.

93.     Defendant Doe 76, without authorization, reproduced Plaintiff's registered work *Double Standard* (U.S. registration No. PA 1-636-650) and distributed it on June 12, 2010 from the IP address 99.173.173.185.

94.     Defendant Doe 77, without authorization, reproduced Plaintiff's registered work *Desert Train* (U.S. registration No. PA 077-966) and distributed it on May 4, 2010 from the IP address 71.137.242.145.

95.     Defendant Doe 78, without authorization, reproduced Plaintiff's registered work *Tag Team* (U.S. registration No. PA 992-998) and distributed it on April 11, 2010 from the IP address 173.24.95.68.

96.     Defendant Doe 79, without authorization, reproduced Plaintiff's registered work *Tag Team* (U.S. registration No. PA 992-998) and distributed it on May 18, 2010 from the IP address 76.255.149.206.

97.     Defendant Doe 80, without authorization, reproduced Plaintiff's registered work *Tag Team* (U.S. registration No. PA 992-998) and distributed it on May 30, 2010 from the IP address 75.42.224.84.

-16-

98.     Defendant Doe 81, without authorization, reproduced Plaintiff's registered work *Tag Team* (U.S. registration No. PA 992-998) and distributed it on June 12, 2010 from the IP address 99.179.183.142.

99.     Defendant Doe 82, without authorization, reproduced Plaintiff's registered work *Distraction* (U.S. registration No. PA 1-680-124) and distributed it on April 6, 2010 from the IP address 75.37.21.202.

100.    Defendant Doe 83, without authorization, reproduced Plaintiff's registered work *Distraction* (U.S. registration No. PA 1-680-124) and distributed it on May 21, 2010 from the IP address 76.204.101.230.

101.    Defendant Doe 84, without authorization, reproduced Plaintiff's registered work *Distraction* (U.S. registration No. PA 1-680-124) and distributed it on June 8, 2010, June 9, 2010, and June 12, 2010 from the IP address 76.253.101.93.

102.    Defendant Doe 88, without authorization, reproduced Plaintiff's registered work *Distraction* (U.S. registration No. PA 1-680-124) and distributed it on June 11, 2010 from the IP address 99.189.182.125 and, without authorization, reproduced Plaintiff's registered work *OverDrive* (U.S. registration No. PA 1-660-158) and distributed it on May 12, 2010 from the IP address 99.189.182.125.

103.    Defendant Doe 89, without authorization, reproduced Plaintiff's registered work *Detour* (U.S. registration No. PA 1-091-230) and distributed it on April 1, 2010 from the IP address 76.254.31.154.

104.    Defendant Doe 90, without authorization, reproduced Plaintiff's registered work *Easy Inn* (U.S. registration No. PA 1-118-600) and distributed it on June 11, 2010 from the IP address 76.221.147.95.

105.    Defendant Doe 91, without authorization, reproduced Plaintiff's registered work *Eye Contact* (U.S. registration No. PA 1-676-458) and distributed it on May 14, 2010 from the IP address 76.193.160.13.

106.    Defendant Doe 92, without authorization, reproduced Plaintiff's registered work *Eye Contact* (U.S. registration No. PA 1-676-458) and distributed it on May 26, 2010 from the IP address 68.127.29.115.

107.    Defendant Doe 93, without authorization, reproduced Plaintiff's registered work *Eye Contact* (U.S. registration No. PA 1-676-458) and distributed it on May 27, 2010 from the IP address 99.6.90.159.

108.    Defendant Doe 94, without authorization, reproduced Plaintiff's registered work *Eruption* (U.S. registration No. PA 1-080-262) and distributed it on May 8, 2010 from the IP address 75.2.241.44.

109.    Defendant Doe 95, without authorization, reproduced Plaintiff's registered work *Fallen Angel* (U.S. registration No. PA 871-486) and distributed it on April 1, 2010 from the IP address 71.139.173.172.

110.    Defendant Doe 96, without authorization, reproduced Plaintiff's registered work *Fallen Angel* (U.S. registration No. PA 871-486) and distributed it on May 30, 2010 from the IP address 207.214.111.120.

COMPLAINT

111. Defendant Doe 97, without authorization, reproduced Plaintiff's registered work *Fallen Angel III* (U.S. registration No. PA 992-996) and distributed it on May 21, 2010 from the IP address 99.152.144.200.

112. Defendant Doe 98, without authorization, reproduced Plaintiff's registered work *Sea Men: Fallen Angel IV* (U.S. registration No. PA 1-065-767) and distributed it on May 3, 2010 from the IP address 75.4.193.169.

113. Defendant Doe 99, without authorization, reproduced Plaintiff's registered work *Fallen Angel 5 - Horse* (U.S. registration No. PA 1-272-379) and distributed it on April 2, 2010 from the IP address 69.234.182.167.

114. Defendant Doe 100, without authorization, reproduced Plaintiff's registered work *Fallen Angel 5 - Horse* (U.S. registration No. PA 1-272-379) and distributed it on April 27, 2010 from the IP address 70.251.71.193.

115. Defendant Doe 101, without authorization, reproduced Plaintiff's registered work *Fallen Angel 5 - Horse* (U.S. registration No. PA 1-272-379) and distributed it on June 5, 2010 from the IP address 99.140.6.13.

116. Defendant Doe 102, without authorization, reproduced Plaintiff's registered work *Folsom Fear* (U.S. registration No. PA 1-617-997) and distributed it on June 1, 2010 from the IP address 75.25.14.121.

117. Defendant Doe 103, without authorization, reproduced Plaintiff's registered work *Folsom Fear* (U.S. registration No. PA 1-617-997) and distributed it on June 12, 2010 from the IP address 75.43.211.222.

COMPLAINT

118.   Defendant Doe 104, without authorization, reproduced Plaintiff's registered work *Fever* (U.S. registration No. PA 1-323-686) and distributed it on April 26, 2010 from the IP address 99.33.193.11.

119.   Defendant Doe 105, without authorization, reproduced Plaintiff's registered work *Folsom Leather* (U.S. registration No. PA 1-387-547) and distributed it on April 7, 2010 from the IP address 71.146.137.144.

120.   Defendant Doe 106, without authorization, reproduced Plaintiff's registered work *Folsom Leather* (U.S. registration No. PA 1-387-547) and distributed it on June 1, 2010 from the IP address 70.138.109.73.

121.   Defendant Doe 107, without authorization, reproduced Plaintiff's registered work *Farm Fresh* (U.S. registration Pending) and distributed it on May 6, 2010 from the IP address 99.132.235.144.

122.   Defendant Doe 108, without authorization, reproduced Plaintiff's registered work *Farm Fresh* (U.S. registration Pending) and distributed it on June 14, 2010 from the IP address 67.121.126.149.

123.   Defendant Doe 109, without authorization, reproduced Plaintiff's registered work *Folsom Prison* (U.S. registration No. PA 1-635-863) and distributed it on May 21, 2010 from the IP address 69.37.91.118.

124.   Defendant Doe 110, without authorization, reproduced Plaintiff's registered work *Folsom Prison* (U.S. registration No. PA 1-635-863) and distributed it on May 27, 2010 from the IP address 99.163.85.21.

125.    Defendant Doe 111, without authorization, reproduced Plaintiff's registered work *Folsom Undercover* (U.S. registration No. PA 1-636-638) and distributed it on April 16, 2010 from the IP address 75.16.117.238.

126.    Defendant Doe 112, without authorization, reproduced Plaintiff's registered work *Folsom Undercover* (U.S. registration No. PA 1-636-638) and distributed it on June 8, 2010 from the IP address 71.158.175.219.

127.    Defendant Doe 113, without authorization, reproduced Plaintiff's registered work *Gorge* (U.S. registration No. PA 1-125-222) and distributed it on June 10, 2010 from the IP address 76.234.160.139.

128.    Defendant Doe 114, without authorization, reproduced Plaintiff's registered work *Gunnery Sgt. McCool* (U.S. registration No. PA 1-623-111) and distributed it on June 12, 2010 from the IP address 99.135.166.207.

129.    Defendant Doe 115, without authorization, reproduced Plaintiff's registered work *Gunnery Sgt. McCool* (U.S. registration No. PA 1-623-111) and distributed it on June 12, 2010 from the IP address 67.67.221.4.

130.    Defendant Doe 116, without authorization, reproduced Plaintiff's registered work *Home Invasion* (U.S. registration No. PA 1-660-159) and distributed it on May 9, 2010 from the IP address 69.152.170.81.

131.    Defendant Doe 117, without authorization, reproduced Plaintiff's registered work *Island Guardian* (U.S. registration No. PA 984-693) and distributed it on June 14, 2010 from the IP address 69.108.100.28.

132.   Defendant Doe 118, without authorization, reproduced Plaintiff's registered work *JackedUp* (U.S. registration No. PA 1-040-880) and distributed it on May 29, 2010 from the IP address 71.134.246.32.

133.   Defendant Doe 119, without authorization, reproduced Plaintiff's registered work *LaidUp* (U.S. registration No. PA 1-040-878) and distributed it on June 12, 2010 from the IP address 99.62.239.19.

134.   Defendant Doe 120, without authorization, reproduced Plaintiff's registered work *LifeGuard!* (U.S. registration pending) and distributed it on May 27, 2010 from the IP address 76.206.238.136.

135.   Defendant Doe 121, without authorization, reproduced Plaintiff's registered work *LifeGuard!* (U.S. registration pending) and distributed it on June 9, 2010 from the IP address 70.234.180.126.

136.   Defendant Doe 122, without authorization, reproduced Plaintiff's registered work *Flux* (U.S. registration No. PA 1-670-542) and distributed it on June 14, 2010 from the IP address 70.138.118.253.

137.   Defendant Doe 123, without authorization, reproduced Plaintiff's registered work *Mens Room II* (U.S. registration No. PA 1-302-642) and distributed it on May 11, 2010 from the IP address 69.230.98.98.

138.   Defendant Doe 124, without authorization, reproduced Plaintiff's registered work *Mens Room II* (U.S. registration No. PA 1-302-642) and distributed it on June 12, 2010 from the IP address 69.214.158.234.

139.   Defendant Doe 125, without authorization, reproduced Plaintiff's registered work *Mens Room II* (U.S. registration No. PA 1-302-642) and distributed it on June 10, 2010 from the IP address 99.190.36.169.

140.   Defendant Doe 126, without authorization, reproduced Plaintiff's registered work *ManPlay 4* (U.S. registration No. PA 1-099-431) and distributed it on May 27, 2010 from the IP address 68.78.1.170.

141.   Defendant Doe 127, without authorization, reproduced Plaintiff's registered work *ManPlay 10* (U.S. registration No. PA 1-228-121) and distributed it on May 18, 2010 from the IP address 75.51.100.140.

142.   Defendant Doe 128, without authorization, reproduced Plaintiff's registered work *ManPlay 11* (U.S. registration No. PA 1-206-367) and distributed it on April 17, 2010 from the IP address 75.30.232.154.

143.   Defendant Doe 129, without authorization, reproduced Plaintiff's registered work *ManPlay 21* (U.S. registration No. PA 1-292-266) and distributed it on June 7, 2010 from the IP address 69.209.62.195.

144.   Defendant Doe 130, without authorization, reproduced Plaintiff's registered work *ManPlay 25* (U.S. registration No. PA 1-335-700) and distributed it on May 20, 2010 from the IP address 99.31.157.251.

145.   Defendant Doe 131, without authorization, reproduced Plaintiff's registered work *ManPlay 25* (U.S. registration No. PA 1-335-700) and distributed it on June 1, 2010 from the IP address 173.28.10.150.

146.    Defendant Doe 132, without authorization, reproduced Plaintiff's registered work *ManPlay 25* (U.S. registration No. PA 1-335-700) and distributed it on June 9, 2010 from the IP address 99.14.218.241.

147.    Defendant Doe 133, without authorization, reproduced Plaintiff's registered work *ManPlay 26* (U.S. registration No. PA 1-344-054) and distributed it on May 31, 2010 from the IP address 69.151.217.35.

148.    Defendant Doe 134, without authorization, reproduced Plaintiff's registered work *ManPlay - Closed Set* (U.S. registration No. PA 1-238-188) and distributed it on April 4, 2010 from the IP address 99.145.192.90.

149.    Defendant Doe 135, without authorization, reproduced Plaintiff's registered work *ManPlay - Closed Set* (U.S. registration No. PA 1-238-188) and distributed it on April 3, 2010 from the IP address 99.24.151.136.

150.    Defendant Doe 136, without authorization, reproduced Plaintiff's registered work *ManPlay - Closed Set* (U.S. registration No. PA 1-238-188) and distributed it on May 11, 2010 from the IP address 69.109.208.20.

151.    Defendant Doe 137, without authorization, reproduced Plaintiff's registered work *Rough Trade* (U.S. registration No. PA 1-264-225) and distributed it on June 11, 2010 from the IP address 75.57.4.175.

152.    Defendant Doe 138, without authorization, reproduced Plaintiff's registered work *Shooters* (U.S. registration No. PA 1-315-905) and distributed it on May 2, 2010 from the IP address 75.1.81.97.

153.    Defendant Doe 139, without authorization, reproduced Plaintiff's registered work *White Trash* (U.S. registration No. PA 1-230-104) and distributed it on April 5, 2010 from the IP address 99.175.216.223.

154.    Defendant Doe 140, without authorization, reproduced Plaintiff's registered work *White Trash* (U.S. registration No. PA 1-230-104) and distributed it on June 2, 2010 from the IP address 99.182.27.98.

155.    Defendant Doe 141, without authorization, reproduced Plaintiff's registered work *Deeper Throat* (U.S. registration No. PA 1-230-105) and distributed it on April 21, 2010 from the IP address 173.24.57.242.

156.    Defendant Doe 142, without authorization, reproduced Plaintiff's registered work *Deeper Throat* (U.S. registration No. PA 1-230-105) and distributed it on June 8, 2010 from the IP address 99.32.196.233.

157.    Defendant Doe 143, without authorization, reproduced Plaintiff's registered work *Don't Ask, Don't Tell!* (U.S. registration No. PA 1-230-111) and distributed it on May 25, 2010 from the IP address 99.186.110.74.

158.    Defendant Doe 144, without authorization, reproduced Plaintiff's registered work *3 Degrees of Humiliation* (U.S. registration No. PA 1-232-271) and distributed it on May 20, 2010 from the IP address 70.133.144.228.

159.    Defendant Doe 145, without authorization, reproduced Plaintiff's registered work *Joe Gage Sex Files VOL. 2* (U.S. registration No. PA 1-230-106) and distributed it on April 28, 2010 from the IP address 69.109.238.192.

160.   Defendant Doe 146, without authorization, reproduced Plaintiff's registered work *ManPlay Xtreme* (U.S. registration No. PA 1-108-284) and distributed it on May 21, 2010 from the IP address 76.234.160.69.

161.   Defendant Doe 147, without authorization, reproduced Plaintiff's registered work *ManPlay Xtreme* (U.S. registration No. PA 1-108-284) and distributed it on June 12, 2010 from the IP address 75.22.94.224.

162.   Defendant Doe 148, without authorization, reproduced Plaintiff's registered work *ManPlay Xtreme 3* (U.S. registration No. PA 1-290-637) and distributed it on May 25, 2010 from the IP address 99.61.63.194.

163.   Defendant Doe 149, without authorization, reproduced Plaintiff's registered work *Naked Escape* (U.S. registration No. PA 1-080-259) and distributed it on June 12, 2010 from the IP address 75.22.26.25.

164.   Defendant Doe 150, without authorization, reproduced Plaintiff's registered work *OverDrive* (U.S. registration No. PA 1-660-158) and distributed it on April 4, 2010 from the IP address 99.156.120.197.

165.   Defendant Doe 152, without authorization, reproduced Plaintiff's registered work *OverDrive* (U.S. registration No. PA 1-660-158) and distributed it on May 20, 2010 from the IP address 12.24.59.130.

166.   Defendant Doe 153, without authorization, reproduced Plaintiff's registered work *OverDrive* (U.S. registration No. PA 1-660-158) and distributed it on May 22, 2010 from the IP address 70.238.118.198.

COMPLAINT

167.   Defendant Doe 154, without authorization, reproduced Plaintiff's registered work *MensRoom III* (U.S. registration No. PA 1-631-956) and distributed it on June 8, 2010 from the IP address 75.50.57.11.

168.   Defendant Doe 155, without authorization, reproduced Plaintiff's registered work *MensRoom III* (U.S. registration No. PA 1-631-956) and distributed it on June 11, 2010 from the IP address 70.130.39.246.

169.   Defendant Doe 156, without authorization, reproduced Plaintiff's registered work *Playbook* (U.S. registration No. PA 1-660-154) and distributed it on April 26, 2010 from the IP address 76.253.108.184.

170.   Defendant Doe 157, without authorization, reproduced Plaintiff's registered work *Playbook* (U.S. registration No. PA 1-660-154) and distributed it on April 9, 2010 from the IP address 70.243.253.64.

171.   Defendant Doe 158, without authorization, reproduced Plaintiff's registered work *Playbook* (U.S. registration No. PA 1-660-154) and distributed it on April 27, 2010 from the IP address 99.68.164.40.

172.   Defendant Doe 159, without authorization, reproduced Plaintiff's registered work *Playbook* (U.S. registration No. PA 1-660-154) and distributed it on April 28, 2010 from the IP address 99.68.164.40.

173.   Defendant Doe 160, without authorization, reproduced Plaintiff's registered work *Playbook* (U.S. registration No. PA 1-660-154) and distributed it on May 15, 2010 from the IP address 99.89.50.98.

174.   Defendant Doe 161, without authorization, reproduced Plaintiff's registered work *Pumped-Up* (U.S. registration No. PA 1-052-097) and distributed it on June 11, 2010 from the IP address 173.30.139.233.

175.   Defendant Doe 162, without authorization, reproduced Plaintiff's registered work *Campus Pizza* (U.S. registration No. PA 1-597-987) and distributed it on April 28, 2010 from the IP address 76.242.178.7.

176.   Defendant Doe 163, without authorization, reproduced Plaintiff's registered work *Reflex* (U.S. registration No. PA 1-688-976) and distributed it on June 8, 2010 from the IP address 76.231.245.123.

177.   Defendant Doe 164, without authorization, reproduced Plaintiff's registered work *Shock Treatment* (U.S. registration No. PA 1-666-469) and distributed it on April 10, 2010 from the IP address 99.155.181.0.

178.   Defendant Doe 165, without authorization, reproduced Plaintiff's registered work *Shock Treatment* (U.S. registration No. PA 1-666-469) and distributed it on June 11, 2010 from the IP address 173.28.45.98.

179.   Defendant Doe 166, without authorization, reproduced Plaintiff's registered work *Shock Treatment* (U.S. registration No. PA 1-666-469) and distributed it on May 27, 2010 from the IP address 75.51.178.220.

180.   Defendant Doe 167, without authorization, reproduced Plaintiff's registered work *The Road To Redneck Hollow* (U.S. registration No. PA 1-379-760) and distributed it on April 23, 2010 from the IP address 70.240.181.201.

181. Defendant Doe 168, without authorization, reproduced Plaintiff's registered work *The Road To Redneck Hollow* (U.S. registration No. PA 1-379-760) and distributed it on June 12, 2010 from the IP address 75.9.75.5.

182. Defendant Doe 169, without authorization, reproduced Plaintiff's registered work *Reserve Duty* (U.S. registration pending) and distributed it on May 29, 2010 from the IP address 76.208.154.110.

183. Defendant Doe 170, without authorization, reproduced Plaintiff's registered work *Reserve Duty* (U.S. registration pending) and distributed it on May 31, 2010 from the IP address 99.8.23.24.

184. Defendant Doe 171, without authorization, reproduced Plaintiff's registered work *Reserve Duty* (U.S. registration pending) and distributed it on June 5, 2010 from the IP address 68.95.157.13.

185. Defendant Doe 172, without authorization, reproduced Plaintiff's registered work *Reserve Duty* (U.S. registration pending) and distributed it on June 14, 2010 from the IP address 71.136.235.205.

186. Defendant Doe 173, without authorization, reproduced Plaintiff's registered work *RSVP* (U.S. registration No. PA 1-670-924) and distributed it on June 14, 2010 from the IP address 68.251.36.60.

187. Defendant Doe 174, without authorization, reproduced Plaintiff's registered work *RSVP* (U.S. registration No. PA 1-670-924) and distributed it on June 12, 2010 from the IP address 75.9.60.146.

188.    Defendant Doe 175, without authorization, reproduced Plaintiff's registered work *RX* (U.S. registration No. PA 1-226-558) and distributed it on April 26, 2010 from the IP address 99.59.235.188.

189.    Defendant Doe 176, without authorization, reproduced Plaintiff's registered work *RX* (U.S. registration No. PA 1-226-558) and distributed it on June 13, 2010 from the IP address 99.129.19.42.

190.    Defendant Doe 177, without authorization, reproduced Plaintiff's registered work *Spy Quest 2* (U.S. registration No. PA 1-319-578) and distributed it on April 17, 2010 from the IP address 99.131.42.99.

191.    Defendant Doe 178, without authorization, reproduced Plaintiff's registered work *Spy Quest 2* (U.S. registration No. PA 1-319-578) and distributed it on May 18, 2010 from the IP address 99.41.174.189.

192.    Defendant Doe 179, without authorization, reproduced Plaintiff's registered work *Spy Quest 2* (U.S. registration No. PA 1-319-578) and distributed it on June 7, 2010 from the IP address 70.247.116.73.

193.    Defendant Doe 180, without authorization, reproduced Plaintiff's registered work *Screen Test* (U.S. registration No. PA 1-668-243) and distributed it on May 15, 2010 from the IP address 76.194.239.103.

194.    Defendant Doe 181, without authorization, reproduced Plaintiff's registered work *Screen Test* (U.S. registration No. PA 1-668-243) and distributed it on June 12, 2010 from the IP address 75.25.168.144.

195.    Defendant Doe 182, without authorization, reproduced Plaintiff's registered work *Special Delivery* (U.S. registration No. PA 1-674-029) and distributed it on May 8, 2010 from the IP address 99.11.186.113.

196.    Defendant Doe 183, without authorization, reproduced Plaintiff's registered work *Special Delivery* (U.S. registration No. PA 1-674-029) and distributed it on May 9, 2010 from the IP address 99.58.245.148.

197.    Defendant Doe 184, without authorization, reproduced Plaintiff's registered work *Special Delivery* (U.S. registration No. PA 1-674-029) and distributed it on May 25, 2010 from the IP address 71.146.27.72.

198.    Defendant Doe 185, without authorization, reproduced Plaintiff's registered work *SideEffects* (U.S. registration No. PA 1-323-678) and distributed it on April 6, 2010 from the IP address 75.51.179.18.

199.    Defendant Doe 186, without authorization, reproduced Plaintiff's registered work *SideEffects* (U.S. registration No. PA 1-323-678) and distributed it on May 8, 2010 from the IP address 75.10.132.152.

200.    Defendant Doe 187, without authorization, reproduced Plaintiff's registered work *SideEffects* (U.S. registration No. PA 1-323-678) and distributed it on May 17, 2010 from the IP address 70.128.116.64.

201.    Defendant Doe 188, without authorization, reproduced Plaintiff's registered work *Shacked Up (U.S. registration No. PA 1-590-157) and distributed it on* April 1, 2010 from the IP address 68.91.94.63 and reproduced Plaintiff's registered work *Slow Heat in a*

*Texas Town* (U.S. registration No. PA 1-661-081) and distributed it on April 6, 2010 from the IP address 68.91.94.63.

202. Defendant Doe 189, without authorization, reproduced Plaintiff's registered work *Slow Heat in a Texas Town* (U.S. registration No. PA 1-661-081) and distributed it on May 16, 2010 from the IP address 76.254.39.109.

203. Defendant Doe 190, without authorization, reproduced Plaintiff's registered work *Slow Heat in a Texas Town* (U.S. registration No. PA 1-661-081) and distributed it on June 13, 2010 from the IP address 68.89.45.20.

204. Defendant Doe 192, without authorization, reproduced Plaintiff's registered work *Side Tracked* (U.S. registration no. PA 1-367-602) and distributed it on June 14, 2010 from the IP address 75.18.50.69.

205. Defendant Doe 193, without authorization, reproduced Plaintiff's registered work *Slammer* (U.S. registration No. PA 1-119-437) and distributed it on April 4, 2010 from the IP address 173.23.200.213.

206. Defendant Doe 194, without authorization, reproduced Plaintiff's registered work *Slammer* (U.S. registration No. PA 1-119-437) and distributed it on April 27, 2010 from the IP address 75.1.210.167.

207. Defendant Doe 195, without authorization, reproduced Plaintiff's registered work *Slammer* (U.S. registration No. PA 1-119-437) and distributed it on May 31, 2010 from the IP address 76.204.61.96.

-32-

208.   Defendant Doe 196, without authorization, reproduced Plaintiff's registered work *Slammer* (U.S. registration No. PA 1-119-437) and distributed it on June 12, 2010 from the IP address 70.251.130.174.

209.   Defendant Doe 197, without authorization, reproduced Plaintiff's registered work *Surprise Package* (U.S. registration No. PA 1-637-318) and distributed it on April 16, 2010 from the IP address 69.153.56.196.

210.   Defendant Doe 198, without authorization, reproduced Plaintiff's registered work *Search and Rescue* (U.S. registration No. PA 1-677-058) and distributed it on May 23, 2010 from the IP address 76.251.212.95.

211.   Defendant Doe 199, without authorization, reproduced Plaintiff's registered work *Search and Rescue* (U.S. registration No. PA 1-677-058) and distributed it on May 2, 2010 from the IP address 75.36.43.115.

212.   Defendant Doe 200, without authorization, reproduced Plaintiff's registered work *Service Trade* (U.S. registration no. PA 1-206-361) and distributed it on May 8, 2010 from the IP address 99.60.49.41.

213.   Defendant Doe 201, without authorization, reproduced Plaintiff's registered work *Service Trade* (U.S. registration no. PA 1-206-361) and distributed it on May 4, 2010 from the IP address 69.151.196.31.

214.   Defendant Doe 202, without authorization, reproduced Plaintiff's registered work *Suite Dreams* (U.S. registration No. PA 1-636-643) and distributed it on June 7, 2010 from the IP address 173.28.11.131.

215.   Defendant Doe 203, without authorization, reproduced Plaintiff's registered work *Triage* (U.S. registration No. PA 1-666-468) and distributed it on April 15, 2010 from the IP address 99.1.178.249.

216.   Defendant Doe 204, without authorization, reproduced Plaintiff's registered work *Triage* (U.S. registration No. PA 1-666-468) and distributed it on April 16, 2010 from the IP address 173.18.86.173.

217.   Defendant Doe 205, without authorization, reproduced Plaintiff's registered work *Triage* (U.S. registration No. PA 1-666-468) and distributed it on April 27, 2010 from the IP address 69.234.46.32.

218.   Defendant Doe 206, without authorization, reproduced Plaintiff's registered work *Triage* (U.S. registration No. PA 1-666-468) and distributed it on May 10, 2010 from the IP address 76.219.170.57.

219.   Defendant Doe 207, without authorization, reproduced Plaintiff's registered work *Triage* (U.S. registration No. PA 1-666-468) and distributed it on May 25, 2010 from the IP address 69.234.35.89.

220.   Defendant Doe 208, without authorization, reproduced Plaintiff's registered work *Triage* (U.S. registration No. PA 1-666-468) and distributed it on May 25, 2010 from the IP address 99.32.147.126.

221.   Defendant Doe 209, without authorization, reproduced Plaintiff's registered work *Triage* (U.S. registration No. PA 1-666-468) and distributed it on May 28, 2010 from the IP address 75.25.171.57.

-34-

222.    Defendant Doe 210, without authorization, reproduced Plaintiff's registered work *Triage* (U.S. registration No. PA 1-666-468) and distributed it on June 2, 2010 from the IP address 75.41.57.55.

223.    Defendant Doe 211, without authorization, reproduced Plaintiff's registered work *Triage* (U.S. registration No. PA 1-666-468) and distributed it on June 12, 2010 from the IP address 76.219.170.57.

224.    Defendant Doe 212, without authorization, reproduced Plaintiff's registered work *110 in Tucson* (U.S. registration No. PA 1-290-634) and distributed it on April 10, 2010 from the IP address 75.17.56.111.

225.    Defendant Doe 213, without authorization, reproduced Plaintiff's registered work *110 in Tucson* (U.S. registration No. PA 1-290-634) and distributed it on April 13, 2010 from the IP address 99.129.210.91.

226.    Defendant Doe 214, without authorization, reproduced Plaintiff's registered work *110 in Tucson* (U.S. registration No. PA 1-290-634) and distributed it on April 14, 2010 from the IP address 70.130.186.111.

227.    Defendant Doe 215, without authorization, reproduced Plaintiff's registered work *110 in Tucson* (U.S. registration No. PA 1-290-634) and distributed it on April 30, 2010 from the IP address 75.18.224.133.

228.    Defendant Doe 216, without authorization, reproduced Plaintiff's registered work *110 in Tucson* (U.S. registration No. PA 1-290-634) and distributed it on May 10, 2010 from the IP address 69.149.74.198.

COMPLAINT

229.   Defendant Doe 217, without authorization, reproduced Plaintiff's registered work *110 in Tucson* (U.S. registration No. PA 1-290-634) and distributed it on May 18, 2010 from the IP address 99.51.149.235.

230.   Defendant Doe 218, without authorization, reproduced Plaintiff's registered work *110 in Tucson* (U.S. registration No. PA 1-290-634) and distributed it on May 5, 2010 from the IP address 76.222.124.254.

231.   Defendant Doe 219, without authorization, reproduced Plaintiff's registered work *110 in Tucson* (U.S. registration No. PA 1-290-634) and distributed it on May 29, 2010 from the IP address 76.217.59.195.

232.   Defendant Doe 220, without authorization, reproduced Plaintiff's registered work *110 in Tucson* (U.S. registration No. PA 1-290-634) and distributed it on May 30, 2010 from the IP address 71.155.235.160.

233.   Defendant Doe 221, without authorization, reproduced Plaintiff's registered work *110 in Tucson* (U.S. registration No. PA 1-290-634) and distributed it on May 6, 2010 from the IP address 99.17.28.218.

234.   Defendant Doe 222, without authorization, reproduced Plaintiff's registered work *110 in Tucson* (U.S. registration No. PA 1-290-634) and distributed it on June 5, 2010 from the IP address 76.237.199.205.

235.   Defendant Doe 223, without authorization, reproduced Plaintiff's registered work *110 in Tucson* (U.S. registration No. PA 1-290-634) and distributed it on May 30, 2010 from the IP address 75.17.127.252.

COMPLAINT

236.   Defendant Doe 224, without authorization, reproduced Plaintiff's registered work *110 in Tucson* (U.S. registration No. PA 1-290-634) and distributed it on April 13, 2010 from the IP address 99.61.224.129.

237.   Defendant Doe 225, without authorization, reproduced Plaintiff's registered work *110 in Tucson* (U.S. registration No. PA 1-290-634) and distributed it on June 2, 2010 from the IP address 76.200.95.242.

238.   Defendant Doe 226, without authorization, reproduced Plaintiff's registered work *Tinderbox* (U.S. registration No. PA 1-661-079) and distributed it on April 14, 2010 from the IP address 99.94.154.24.

239.   Defendant Doe 227, without authorization, reproduced Plaintiff's registered work *Thrust* (U.S. registration No. PA 1-688-977) and distributed it on June 12, 2010 from the IP address 75.36.176.14.

240.   Defendant Doe 228, without authorization, reproduced Plaintiff's registered work *Telescope* (U.S. registration No. PA 1-631-963) and distributed it on April 28, 2010 from the IP address 76.203.216.71.

241.   Defendant Doe 229, without authorization, reproduced Plaintiff's registered work *Telescope* (U.S. registration No. PA 1-631-963) and distributed it on May 8, 2010 from the IP address 75.47.158.4.

242.   Defendant Doe 230, without authorization, reproduced Plaintiff's registered work *Telescope* (U.S. registration No. PA 1-631-963) and distributed it on April 20, 2010 from the IP address 99.190.116.78.

243. Defendant Doe 231, without authorization, reproduced Plaintiff's registered work *Telescope* (U.S. registration No. PA 1-631-963) and distributed it on May 17, 2010 from the IP address 69.149.40.100.

244. Defendant Doe 232, without authorization, reproduced Plaintiff's registered work *Telescope* (U.S. registration No. PA 1-631-963) and distributed it on May 31, 2010 from the IP address 70.233.142.176.

245. Defendant Doe 233, without authorization, reproduced Plaintiff's registered work *Warehouse* (U.S. registration No. PA 1-637-506) and distributed it on April 2, 2010 from the IP address 68.92.62.3.

246. Defendant Doe 234, without authorization, reproduced Plaintiff's registered work *Warehouse* (U.S. registration No. PA 1-637-506) and distributed it on April 13, 2010 from the IP address 69.111.192.60.

247. Defendant Doe 235, without authorization, reproduced Plaintiff's registered work *Warehouse* (U.S. registration No. PA 1-637-506) and distributed it on April 23, 2010 from the IP address 68.251.32.16.

248. Defendant Doe 236, without authorization, reproduced Plaintiff's registered work *Warehouse* (U.S. registration No. PA 1-637-506) and distributed it on May 25, 2010 from the IP address 69.238.178.70.

249. Defendant Doe 237, without authorization, reproduced Plaintiff's registered work *Warehouse* (U.S. registration No. PA 1-637-506) and distributed it on June 4, 2010 from the IP address 99.138.88.25.

250.    Defendant Doe 238, without authorization, reproduced Plaintiff's registered work *Warehouse* (U.S. registration No. PA 1-637-506) and distributed it on May 14, 2010 from the IP address 99.52.245.180.

251.    Defendant Doe 239, without authorization, reproduced Plaintiff's registered work *WoodsMen* (U.S. registration no. PA 1-139-371) and distributed it on April 1, 2010 from the IP address 173.23.173.81.

252.    Defendant Doe 240, without authorization, reproduced Plaintiff's registered work *WoodsMen* (U.S. registration no. PA 1-139-371) and distributed it on April 1, 2010 from the IP address 99.168.94.203.

253.    Defendant Doe 241, without authorization, reproduced Plaintiff's registered work *WoodsMen* (U.S. registration no. PA 1-139-371) and distributed it on April 11, 2010 from the IP address 99.61.95.222.

254.    Defendant Doe 242, without authorization, reproduced Plaintiff's registered work *WoodsMen* (U.S. registration no. PA 1-139-371) and distributed it on April 25, 2010 from the IP address 76.218.82.111.

255.    Defendant Doe 243, without authorization, reproduced Plaintiff's registered work *WoodsMen* (U.S. registration no. PA 1-139-371) and distributed it on April 26, 2010 from the IP address 75.22.90.13.

256.    Defendant Doe 244, without authorization, reproduced Plaintiff's registered work *WoodsMen* (U.S. registration no. PA 1-139-371) and distributed it on June 6, 2010 from the IP address 71.135.100.185.

257. Plaintiff did not authorize Defendants' copying or distribution of any of these works.

258. Defendants infringed the copyrights in Plaintiff's creative works by reproducing and distributing the works by and through the P2P network eDonkey2000 without approval or authorization of Plaintiff.

259. Defendants knew or should have known the infringed works belonged to Plaintiff and that they did not have permission to exploit Plaintiff's works.

260. Defendants knew or should have known the works were professional works and likely subject to copyright.

261. Defendants knew they did not have permission to engage in any of the acts held exclusively by copyright holders.

262. Defendants knew or should have known their acts constituted copyright infringement.

263. Defendants' conduct was willful within the meaning of the Copyright Act.

264. As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.

265. Plaintiff is entitled to recover damages, which include its losses and any and all profits these Defendants have made as a result of their wrongful conduct. 17 U.S.C. § 504. Alternatively, Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c).

266. In addition, because the infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c) (2).

267. Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION
## CIVIL CONSPIRACY

268. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 267, inclusive.

269. Defendants, and each of them, conspired with the other Defendants by agreeing to provide infringing reproductions of various copyright protected works, including Plaintiff's works, in exchange for infringing reproductions of other copyright protected works, including Plaintiff's works.

270. Each Defendant then took affirmative steps to advance the conspiracy by unlawfully and without authorization reproducing Plaintiff's copyrighted works and making those works available on eDonkey2000 in anticipation of receiving other infringing copies of copyright protected works in exchange.

## JURY DEMAND

271. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues properly triable by a jury in this action.

## PRAYER

WHEREFORE, Plaintiff Io Group, Inc. respectfully requests judgment as follows:

COMPLAINT

(1)    That the Court enter a judgment against all Defendants that they have: a) willfully infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501; and b) otherwise injured the business reputation and business of Plaintiff by all Defendants' acts and conduct set forth in this Complaint.

(2)    That the Court issue injunctive relief against all Defendants, and that all Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, be enjoined and restrained from copying, posting or making any other infringing use or infringing distribution of audiovisual works, photographs or other materials owned by or registered to Plaintiff;

(3)    That the Court enter an order of impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of Plaintiff's audiovisual works, photographs or other materials, which are in Defendants' possession or under their control;

(4)    That the Court order all Defendants to pay Plaintiff's general, special, actual and statutory damages as follows: Plaintiff's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages in the amount of one hundred fifty thousand dollars ($150,000.00) per infringed work, pursuant to 17 U.S.C. § 504(c)(2), for Defendants' willful infringement of Plaintiff's copyrights; and

(5)    That the Court order all Defendants to pay Plaintiff both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 504; and

COMPLAINT

(6)     That the Court grant to Plaintiff such other and additional relief as is just and proper.


Dated:  August 19, 2010                    Respectfully submitted,


                                           */s/ D. Gill Sperlein*


                                           D. GILL SPERLEIN
                                           THE LAW OFFICE OF D. GILL SPERLEIN
                                           Attorney for Plaintiff, IO GROUP, INC.

COMPLAINT

1

## CERTIFICATION OF INTERESTED PERSONS

2

3          Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons (i)

4   have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii)

5   have a non-financial interest in that subject matter or in a party that could be substantially affected

6
    by the outcome of this proceeding:
7

8

9          Bruce Lahey – majority shareholder of Io Group, Inc.

10         Brian Ashby – minority shareholder of Io Group, Inc.

11

12
    Dated:  August 19, 2010                     Respectfully submitted,
13

14                                              /s/ D. Gill Sperlein

15

16                                              GILL SPERLEIN
                                                Attorney for Defendant IO GROUP, INC.
17

18

19

20

21

22

23

24

25

26

27

28