D. GILL SPERLEIN (172887)
THE LAW OFFICE OF D. GILL SPERLEIN
584 Castro Street, Suite 879
San Francisco, California 94114
Telephone: (415) 404-6615
Facsimile: (415) 404-6616

gill@sperleinlaw.com

Attorney for plaintiff
IO GROUP, INC.

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IO GROUP, INC. d/b/a TITAN MEDIA, a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> DOES 1-244, individuals, <br><br> Defendants. | **CASE NO. 10-3647 (WHA)** <br><br> **STATEMENT RE STEPS PLAINTIFF HAS TAKEN TO IDENTIFY DEFENDANTS** |

    Plaintiff through its counsel submits this Statement in response to the Court's Order Requesting Statement. [Docket No. 34].

    As the Court notes in its Order, Plaintiff filed its Complaint in August, 2010. Because Plaintiff did not know the identity of any of the Defendants, it requested and the Court granted leave to take early discovery. On October 4, 2010, the very day the Court granted leave, Plaintiff served a subpoena on AT&T requesting subscriber information for 244 ip addresses associated with the infringing activity alleged in the Complaint.

AT&T agreed to produce the information, but claimed that due to a recent onslaught of similar requests, it could only produce information at the rate of approximately sixty requests every six weeks. AT&T agreed to produce all of the subscriber information, but not until March 18, 2011[1]. [Declaration of D. Gill Sperlein in Support of Request to Extend Time to Serve, Docket No. 13, ¶3]

On November 23, 2010, Plaintiff apprised the Court of this development and accordingly requested an extension of time to serve the Defendants. [Plaintiff Io Group, Inc.'s Miscellaneous Administrative Request to Extend Time to Serve Defendants and to Reset Case Management Conference, Docket No. 12, and Declaration of D. Gill Sperlein in Support, Docket No. 13] The Court granted Plaintiff's request, allowing Plaintiff until July 14, 2011 to serve Defendants – 120 days from when AT&T was scheduled to produce subscriber information. [Docket No. 15].

Four days prior to the scheduled production date, an anonymous non-party filed a Motion to Dismiss. [Docket No. 16] Within the Motion to Dismiss, the anonymous individual did not identify which ip address AT&T had assigned him/her. In fact, the filer did not claim to be a subscriber at all. It is unclear whether AT&T was able to link the Anonymous Filer to a specific subscriber's account. However, since AT&T has access to all the data, it seems they would be able to.

Chief Magistrate Judge James ordered the case reassigned to a District Court Judge. [Docket No. 23] The Motion to Dismiss was terminated and the anonymous filer has not refiled the Motion to Dismiss.

On March 22, 2011, when Plaintiff's counsel had not received any of the data promised for March 18th delivery, he contacted AT&T Legal Compliance Department via voice mail and requested a return telephone call.[2] [Declaration of D. Gill Sperlein in Support of Statement at ¶2] On March 22, 2011, an AT&T representative returned the call and said that because a motion had been filed, they were not going to provide the information. [*Id*. at ¶3] Plaintiff's counsel asked to speak with an attorney, but the legal compliance officer refused his request. [*Id*. at ¶4] Counsel faxed a follow up letter stating its position that AT&T should produce information for the

---

1. Other ISP's generally produce information on a roiling basis, but AT&T refused to take adopt this approach.
2. AT&T's Legal Compliance center accepts no e-mail and no incoming phone calls. There is a phone number to leave messages.

remaining subscribers and threatening to file a motion to compel if AT&T did not produce the information.   [*Id*. at ¶5, Exhibit A]

Since AT&T was willing to produce the information but for the pending motion, Counsel believed the most efficient path to obtaining the information was to seek to strike the improperly filed Motion to Dismiss.  Counsel believed at the time that Plaintiff's Motion to Strike would take less time to reach resolution than it would take to file and resolve a motion to compel in the Northern District of Texas, the court from which the subpoena issued.  Thus, Plaintiff did not file a Motion to Compel at that time.   [*Id*. at ¶6]

On Monday, April 25th prior to receiving the Court's Order for this Statement, Plaintiff's Counsel again contacted AT&T, explaining that two separate Court orders made it clear that the Motion to Dismiss was no longer pending: 1) the Court Clerk's Reassignment Order which stated, "all matters presently scheduled for hearing are vacated"  (Docket No. 24); and 2) the Court's Order Denying Motion to Strike as moot stating, "pending motions were terminated".  [Docket 31].  Plaintiff's attorney forwarded copies of both these orders to AT&T and again demanded that AT&T produce subpoenaed information immediately.  [*Id*. at ¶7, Exhibit B]  He also left a message on AT&T Legal Compliance voice mail.  As of the filing of this Statement, AT&T has not responded or produced the subpoenaed information.  [*Id*. at ¶8]

In response to the Court's specific question inquiring into the number of identified Does, Plaintiff responds that AT&T has not produced any of the subpoenaed information.   Five subscribers independently contacted Plaintiff's attorney after AT&T informed them of the subpoena.  Io Group entered settlement agreements with each of those individuals.  However, two of those individuals requested to remain anonymous.  In those two cases, Plaintiff negotiated settlements through defense counsel and then sent letters to AT&T withdrawing the subpoena as to the relevant ip addresses.   [*Id*. at ¶9]

Plaintiff has attempted to prosecute its claims diligently, while recognizing the requirement under the Federal Rules of Civil Procedure that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena." Fed. R. Civ. Pro. 45(c)(1).   Though skeptical, Plaintiff took AT&T at its word that it could not produce records more quickly.  Other service providers coped with the increasing number of subpoenas by streamlining their production process and presumably hiring additional staff.  Hopefully, AT&T will take similar measures to deal with future and

ongoing subpoenas.  In any event, since AT&T has recently produced subscriber information to Plaintiff in a similar matter, Plaintiff does not believe AT&T is withholding data merely to interfere with or delay Plaintiff's ability to prosecute its claims.

Plaintiff has attempted to take a reasonable and cooperative approach in dealing with non-party ISPs such as AT&T who no doubt have experienced a rapidly increasing number of subpoenas.  However, if the Court finds Plaintiff's cooperation is out of balance with the competing and important interest of moving its claims forward through the legal system, Plaintiff will take all measures available to hasten AT&T's production, including seeking a clarifying order from this Court or a Motion to Compel from the Court from which the subpoena issued.

Dated:  April 28, 2011

/s/ D. Gill Sperlein

_____

D. Gill Sperlein
THE LAW OFFICE OF D. GILL SPERLEIN,
Attorneys for Plaintiff, Io Group, Inc.

-4-

DECLARATION OF D. GILL SPERLEIN IN
SUPPORT OF REQUEST TO EXTEND TIME TO SERVE
C-10-3647 (WHA)