D. GILL SPERLEIN (172887)
THE LAW OFFICE OF D. GILL SPERLEIN
584 Castro Street, Suite 879
San Francisco, California  94114
Telephone: (415) 404-6615
Facsimile: (415) 404-6616

gill@sperleinlaw.com

Attorney for Plaintiff
IO GROUP, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IO GROUP, INC. d/b/a TITAN MEDIA, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MARIUSZ PRALAT, CAROL B. PEAL, YUNSHU KANG, CHUN RONG ZHENG, ZHI NENG WU, RUBEN MORENO, HAO XU, CHIAFEN LIN, SANG YEOL KIM, and MALGORZATA FRACZYK, individuals, | **CASE NO.: C 10-3647 (WHA)**<br><br>**FIRST AMENDED COMPLAINT:**<br><br>  **(1) COPYRIGHT INFRINGEMENT;**<br>  **(2) CONTRIBUTORY COPYRIGHT**<br>    **INFRINGEMENT;**<br>  **(3) VICARIOUS COPYRIGHT**<br>    **INFRINGEMENT;**<br>  **(4) NEGLIGENCE; and**<br>  **(5) CIVIL CONSPIRACY**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.     This is an action by IO GROUP, INC., a California corporation, d/b/a Titan Media ("Titan Media"), to recover damages arising from infringement of Io Group's copyright in its creative work *Breakers* by Defendants and to enjoin Defendants from

future infringement.  Defendants reproduced, distributed, and publicly displayed, through the P2P network "eDonkey2000", the Io Group-owned audiovisual work, *Breakers*.

2.      Defendants acted in a collective and interdependent manner in the unlawful reproduction and distribution of Plaintiff's motion picture using the eDonkey2000 Network and Protocol.

3.      Each time a Defendant unlawfully distributes a copy of Plaintiff's copyrighted Motion Picture to others over the Internet via the eDonkey2000 Network, each recipient can then distribute that unlawful copy to others without degradation in sound or picture quality.  Thus, a Defendant's distribution of even a single unlawful copy of the Motion Picture can result in the nearly instantaneous worldwide distribution of that single copy to a limitless number of people.   In this case, each Defendant's copyright infringement built upon prior infringements.

4.      Plaintiff seeks redress for the Defendants' infringement of its exclusive rights in the Motion Picture, and for injunctive relief to stop Defendants from continuing to infringe upon Plaintiff's copyrighted works.

## THE PARTIES

5.       Io Group, Inc. is a California corporation doing business as "Titan Media," with its principal place of business located at 69 Converse Street, San Francisco, California 94103.   Titan Media produces, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, photographs, etc.  Plaintiff operates and maintains a website by and through which customers paying a monthly subscription fee may view Plaintiff's photographic and audiovisual works.

-2-

First Amended Complaint
10-3647 (WHA)

6. Defendants MARIUSZ PRALAT, CAROL B. PEAL, YUNSHU KANG, CHUN RONG ZHENG, ZHI NENG WU, RUBEN MORENO, HAO XU, CHIAFEN LIN, SANG YEOL KIM, and MALGORZATA FRACZYK, are individuals, each of whom is in some way responsible for the damages herein alleged.

7. Each Defendant used an Internet connection provided by AT&T to access the Internet for the purpose of reproducing and distributing Plaintiff's work, *Breakers*.

8. The Defendants are a group of eDonkey2000 users or "peers" whose computers are collectively interconnected for the sharing of a particular unique files – in this case a file containing Plaintiff's movie *Breakers*. The particular file on the eDonkey network is associated with a unique "hash" (a file identifier generated by an algorithm). The unique hash value of the file these Defendants shared is 23025B1F57308A2C154A4E78CD1CC36F.

9. Plaintiff is informed and believes and based thereon alleges that each of the Defendants, was and is the agent and representative of the other Defendants, acting within the purpose and scope of said agency and representation. Plaintiff is further informed and believes and based thereon alleges that each of the Defendants authorized and ratified the conduct herein alleged of each of the other Defendants.

10. Each of the Defendants engaged in the copyright infringement scheme together. During the months of April, May, and June 2010, they all reproduced, shared, distributed, and republished the same file as identified by the hash ID 23025B1F57308A2C154A4E78CD1CC36F and containing Plaintiff's motion picture, *Breakers*.

-3-

## JURISDICTION

11.     This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, *et. seq.,* and 28 U.S.C. §§ 1331 and 1338(a).

12.     Defendants either reside in, solicit, transact, or are doing business within the Jurisdiction; they have committed unlawful and tortious acts both within and outside the Jurisdiction with the full knowledge that their acts would cause injury in this Jurisdiction. As such, Defendants have sufficient contacts with this judicial district to permit the Court's exercise of personal jurisdiction over each.

13.     The file that each of the Defendants reproduced and distributed clearly indicates within the first twenty seconds of play that name of the work is *Breakers* and that Titan Media, a California business, produced the movie.  As the Defendants engaged in an intentional tort (copyright infringement) against a California company, and the infringed material clearly identified Plaintiff as the owner of the movie, the Defendants knew or should have known that infringement upon the copyright would cause harm and damage in California.  Moreover, pursuant to 17 USC §205(c), recordation of a document in the Copyright Office gives all persons constructive notice of the facts stated in the recorded document, including the residency of the copyright holder.

14.     Plaintiff's claims arise out of the Defendants' conduct which gives rise to personal jurisdiction over Defendants.  By taking the affirmative act of both downloading and uploading a known California company's intellectual property, Defendants engaged in intentional acts.  As the Defendants knew or should have known (and only could not have

-4-

First Amended Complaint
10-3647 (WHA)

known through willful blindness) that the copyright they infringed upon was California intellectual property, the Defendants expressly aimed their acts at a California company.

15.     The Plaintiff is well known as being a California company and the Entertainment industry is commonly known to be centered in California.   There was clearly foreseeable harm in this jurisdiction, and the Defendants' conduct caused harm that they knew or should have known was likely to be suffered in this forum.

16.     It was a foreseeable consequence of the Defendants' actions that the Plaintiff would suffer harm to its profits, business reputation, and goodwill.   It was foreseeable that Plaintiff would suffer these harms in this jurisdiction and venue.

## INTRADISTRICT ASSIGNMENT

17.     The Court Clerk previously assigned this matter to the San Francisco Division.

## VENUE

18.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

## BACKGROUND

19.     Technological advances have made it increasingly possible to transfer large amounts of data, including digital video files, by and through the Internet.   As Congress and the courts clarify the law and close legal loopholes in order to hold infringers liable for their actions, would-be infringers develop new and often increasingly complex means of engaging in piracy, hoping that the complexity of their systems will help them avoid

-5-

First Amended Complaint
10-3647 (WHA)

detection, identification, and prosecution.   Defendants' infringement represents one of these manifestations of on-line digital piracy.

20.   In using the peer-to-peer (P2P) network "eDonkey2000", each of the Defendants conspired with other individuals, including the other Defendants, to reproduce and distribute *Breakers*.   Each of the Defendants conspired to provide other individuals with pieces of the infringed work in exchange for other pieces of the work.

### FACTS COMMON TO ALL CLAIMS

21.   Plaintiff has won numerous awards for its high-quality work beginning with an award for Best Gay Video in its first year in existence (1995).   Since then Plaintiff has won awards nearly every year including awards for Best Art Direction, Best Videography, Best Packaging, Best DVD Extras, Best Cinematography, and Best Editing.   Competitors and consumers alike recognize Plaintiff as one of the highest quality producers of gay erotica.

22.   The movie *Breakers* is of obvious high production values and is easily discernable as a professional work.   In fact, the work was one of the first erotic movies produced in the Blu-Ray format.   Plaintiff created *Breakers* employing professional performers, directors, cinematographers, lighting technicians, set designers and editors. Plaintiff created *Breakers* using state-of-the art professional-grade cameras, lighting, and editing equipment.

23.   The illegally traded file contains Plaintiff's movie *Breakers*, clearly identified with Plaintiff's trademark TITANMEDIA®.

First Amended Complaint
10-3647 (WHA)

24.     The eDonkey2000 Network is a peer-to-peer file sharing protocol used for distributing and sharing data on the Internet, including files containing digital versions of motion pictures.  Rather than downloading a file from a single source like earlier P2P networks, the eDonkey2000 Network allows users simultaneously to download and upload pieces of a file from multiple peers.

25.     In order to participate in the eDonkey2000 Network, the user first downloads software known as an eDonkey2000 client.   The client allows users to search the computers of other users or "peers".  The search process is conducted through a group of centralized servers.

26.     Once a user identifies a file he wishes to download, the centralized eDonkey2000 servers locate copies of the file on the computers of other peers who have made that precise file available by placing it in the share folder integrated in the peer's eDonkey client.  The servers will only locate exact copies of the file as determined by a hash i.d.  The servers will not locate similar copies of the same movie.  Even if the file has an entirely different name, the eDonkey servers will locate the file if it has the same hash i.d.  If a peer changes the file name but nothing else, the server will still recognize the file. If, on the other hand, a user deletes even a few seconds from the beginning of the movie, this changes the content of the file and causes it to have a new hash i.d.  The eDonkey2000 servers will not include the modified file in search results even if the file has the same file name as the file for which the user is searching.

27.     Once the eDonkey tracking servers locate share folders offering the exact hash id, it directs pieces of those files to the peer downloading the file.   This method

-7-

speeds up delivery.  Rather than waiting for the file to download piece by piece from one source, it locates, copies, and sends pieces from multiple sources at the same time.  All the pieces then reassemble on the downloader's computer.  However, even before system fully downloads the entire file, the peer can simultaneously offer pieces of the file for upload to other peers.

28.   Unlike similar bit torrent technology, a file can remain in a user's share folder indefinitely and users can locate and download the file, or pieces of it, at any time in the future.

29.   In the eDonkey2000 Network, there is honor among thieves.  Those who merely download files, without making files available in their share folder are derisively called "leechers."  The more files a user makes available in his share folder, the faster the system allows him to download files from others.

30.   Plaintiff has recorded each Defendant named herein actually publishing Plaintiff's motion picture, *Breakers* via the eDonkey2000 Network.

## **FIRST CAUSE OF ACTION**

## **COPYRIGHT INFRINGEMENT – 17 U.S.C. §501**

Plaintiff Titan Media Owns Federally Registered Copyrights of Various Creative Works

31.   Plaintiff repeats and incorporates by this reference the allegations set forth in paragraphs 1 through 30, inclusive.

32.   At all times relevant hereto, Plaintiff has been the producer and owner of the audiovisual works *Breakers*, which Defendants reproduced and distributed by and through the P2P network "eDonkey2000".

First Amended Complaint
10-3647 (WHA)

33.     Plaintiff holds a copyright registration certificate from the United States Copyright Office for Breakers.  The registration certificate number is PA 1-617-991.

<u>Defendants Willfully Infringed Plaintiff's Registered Copyrights</u>

34.     Plaintiff is informed and believes and based thereon alleges that Defendants without authorization, reproduced and distributed Plaintiff's copyright registered works by and through the P2P network "eDonkey2000".

35.     At some time prior to April 9, 2010, Defendant MARIUSZ PRALAT, without authorization, reproduced Plaintiff's registered work *Breakers* by downloading the digital file identified as Hash 23025B1F57308A2C154A4E78CD1CC36F from various eDonkey peers.   Pralat placed the file in his "share folder" making it available for immediate, as well as, future downloading by other eDonkey2000 peers including the remaining Defendants.    On April 9, 2010 at 13:27:36 GMT, Plaintiff's investigators documented      that      an      eDonkey      peer      offered      Hash 23025B1F57308A2C154A4E78CD1CC36F   for   other   eDonkey   peers   to   download. Plaintiff's investigators documented that the eDonkey peer connected to the Internet using the AT&T controlled ip address 99.147.204.85.   AT&T later identified Mariusz Pralat as the subscriber to whom it had assigned the ip address at that date and time.   Plaintiff is informed    and    believes    and    based    thereon    alleges    that    the    file 23025B1F57308A2C154A4E78CD1CC36F   remained   in   Pralat's   share   folder   after Plaintiff's investigators initially recorded it, thereby making it available for the remaining Defendants and other peers to download.

First Amended Complaint
10-3647 (WHA)

36.     At some time prior to April 20, 2010, Defendant CAROL B. PEAL, without authorization, reproduced Plaintiff's registered work *Breakers* by downloading the digital file identified as Hash 23025B1F57308A2C154A4E78CD1CC36F from various eDonkey peers, including Defendant Pralat.  Peal placed the file in her "share folder" making it available for immediate, as well as, future downloading by other eDonkey2000 peers including the remaining Defendants.   On April 20, 2010 at 06:05:48 GMT, Plaintiff's investigators documented that an eDonkey peer offered Hash 23025B1F57308A2C154A4E78CD1CC36F for other eDonkey peers to download. Plaintiff's investigators documented that the eDonkey peer connected to the Internet using the AT&T controlled ip address 99.151.112.236.  AT&T later identified Carol B. Peal as the subscriber to whom it had assigned the ip address at that date and time.  Plaintiff is informed and believes and based thereon alleges that the file 23025B1F57308A2C154A4E78CD1CC36F remained in Peal's share folder after Plaintiff's investigators initially recorded it, thereby making it available for the remaining Defendants and other peers to download.

37.     At some time prior to May 24, 2010, Defendant CHUN RONG ZHENG, without authorization, reproduced Plaintiff's registered work *Breakers* by downloading the digital file identified as Hash 23025B1F57308A2C154A4E78CD1CC36F from various eDonkey peers, including Defendants Pralat, and Peal.  Zheng placed the file in his "share folder" making it available for immediate, as well as, future downloading by other eDonkey2000 peers including the remaining Defendants.   On May 24, 2010 at 21:15:42 GMT, Plaintiff's investigators documented that an eDonkey peer offered Hash

-10-

23025B1F57308A2C154A4E78CD1CC36F for other eDonkey peers to download. Plaintiff's investigators documented that the eDonkey peer connected to the Internet using the AT&T controlled ip address 69.106.107.92. AT&T later identified Chun Rong Zheng as the subscriber to whom it had assigned the ip address at that date and time. Plaintiff is informed and believes and based thereon alleges that the file 23025B1F57308A2C154A4E78CD1CC36F remained in Zheng's share folder after Plaintiff's investigators initially recorded it, thereby making it available for the remaining Defendants and other peers to download.

38.    At some time prior to May 26, 2010, Defendant ZHI NENG WU, without authorization, reproduced Plaintiff's registered work *Breakers* by downloading the digital file identified as Hash 23025B1F57308A2C154A4E78CD1CC36F from various eDonkey peers, including Defendants Pralat, Peal, and Zheng. Wu placed the file in his "share folder" making it available for immediate, as well as, future downloading by other eDonkey2000 peers including the remaining Defendants. On May 26, 2010 at 23:11:52 GMT, Plaintiff's investigators documented that an eDonkey peer offered Hash 23025B1F57308A2C154A4E78CD1CC36F for other eDonkey peers to download. Plaintiff's investigators documented that the eDonkey peer connected to the Internet using the AT&T controlled ip address 75.6.246.205 AT&T later identified Zhi Neng Wu as the subscriber to whom it had assigned the ip address at that date and time. Plaintiff is informed and believes and based thereon alleges that the file 23025B1F57308A2C154A4E78CD1CC36F remained in Zheng's share folder after

First Amended Complaint
10-3647 (WHA)

Plaintiff's investigators initially recorded it, thereby making it available for the remaining Defendants and other peers to download.

39. At some time prior to June 6, 2010, Defendant RUBEN MORENO, without authorization, reproduced Plaintiff's registered work *Breakers* by downloading the digital file identified as Hash 23025B1F57308A2C154A4E78CD1CC36F from various eDonkey peers, including Defendants Pralat, Peal, Zheng and Wu. Moreno placed the file in his "share folder" making it available for immediate, as well as, future downloading by other eDonkey2000 peers including the remaining Defendants. On June 6, 2010 at 05:00:30 GMT, Plaintiff's investigators documented that an eDonkey peer offered Hash 23025B1F57308A2C154A4E78CD1CC36F for other eDonkey peers to download. Plaintiff's investigators documented that the eDonkey peer connected to the Internet using the AT&T controlled ip address 69.110.31.162 AT&T later identified Ruben Moreno as the subscriber to whom it had assigned the ip address at that date and time. Plaintiff is informed and believes and based thereon alleges that the file 23025B1F57308A2C154A4E78CD1CC36F remained in Moreno's share folder after Plaintiff's investigators initially recorded it, thereby making it available for the remaining Defendants and other peers to download.

40. At some time prior to June 8, 2010, Defendant HAO XU, without authorization, reproduced Plaintiff's registered work *Breakers* by downloading the digital file identified as Hash 23025B1F57308A2C154A4E78CD1CC36F from various eDonkey peers, including Defendants Pralat, Peal, Zheng, Wu, and Moreno. Xu placed the file in his "share folder" making it available for immediate, as well as, future downloading by

-12-

other eDonkey2000 peers including the remaining Defendants.    On June 8, 2010 at 09:31:27 GMT, Plaintiff's investigators documented that an eDonkey peer offered Hash 23025B1F57308A2C154A4E78CD1CC36F for other eDonkey peers to download. Plaintiff's investigators documented that the eDonkey peer connected to the Internet using the AT&T controlled ip address 99.144.233.234 AT&T later identified Hao Xu as the subscriber to whom it had assigned the ip address at that date and time.   Plaintiff is informed and believes and based thereon alleges that the file 23025B1F57308A2C154A4E78CD1CC36F remained in Xu's share folder after Plaintiff's investigators initially recorded it, thereby making it available for the remaining Defendants and other peers to download.

41.    At some time prior to June 8, 2010, Defendant CHIAFEN LIN, without authorization, reproduced Plaintiff's registered work *Breakers* by downloading the digital file identified as Hash 23025B1F57308A2C154A4E78CD1CC36F from various eDonkey peers, including Defendants Pralat, Peal, Zheng, Wu, Moreno and Xu.  Lin placed the file in his "share folder" making it available for immediate, as well as, future downloading by other eDonkey2000 peers including the remaining Defendants.    On June 8, 2010 at 19:22:29 GMT, Plaintiff's investigators documented that an eDonkey peer offered Hash 23025B1F57308A2C154A4E78CD1CC36F for other eDonkey peers to download. Plaintiff's investigators documented that the eDonkey peer connected to the Internet using the AT&T controlled ip address 76.220.40.238 AT&T later identified Chiafen Lin as the subscriber to whom it had assigned the ip address at that date and time.   Plaintiff is informed and believes and based thereon alleges that the file

-13-

23025B1F57308A2C154A4E78CD1CC36F remained in Lin's share folder after Plaintiff's investigators initially recorded it, thereby making it available for the remaining Defendants and other peers to download.

42.    At some time prior to June 9, 2010, Defendant SANG YEOL KIM, without authorization, reproduced Plaintiff's registered work *Breakers* by downloading the digital file identified as Hash 23025B1F57308A2C154A4E78CD1CC36F from various eDonkey peers, including Defendants Pralat, Peal, Zheng, Wu, Moreno, Xu, and Lin.  Kim placed the file in his "share folder" making it available for immediate, as well as, future downloading by other eDonkey2000 peers including the remaining Defendants.   On June 8, 2010 at 07:38:05 GMT, Plaintiff's investigators documented that an eDonkey peer offered Hash 23025B1F57308A2C154A4E78CD1CC36F for other eDonkey peers to download.  Plaintiff's investigators documented that the eDonkey peer connected to the Internet using the AT&T controlled ip address 76.245.99.43 AT&T later identified Sang Yeol Kim as the subscriber to whom it had assigned the ip address at that date and time. Plaintiff is informed and believes and based thereon alleges that the file 23025B1F57308A2C154A4E78CD1CC36F remained in Kim's share folder after Plaintiff's investigators initially recorded it, thereby making it available for the remaining Defendants and other peers to download.

43.    At some time prior to June 13, 2010, Defendant MALGORZATA FRACZYK, without authorization, reproduced Plaintiff's registered work *Breakers* by downloading the digital file identified as Hash 23025B1F57308A2C154A4E78CD1CC36F from various eDonkey peers, including Defendants Pralat, Peal, Zheng, Wu, Moreno, Xu,

-14-

Lin and Kim.   Fraczyk placed the file in her "share folder" making it available for immediate, as well as, future downloading by other eDonkey2000 peers.    On June 13, 2010 at 00:52:21 GMT, Plaintiff's investigators documented that an eDonkey peer offered Hash 23025B1F57308A2C154A4E78CD1CC36F for other eDonkey peers to download. Plaintiff's investigators documented that the eDonkey peer connected to the Internet using the AT&T controlled ip address 99.177.146.113 AT&T later identified Malgorzata Fraczyk as the subscriber to whom it had assigned the ip address at that date and time. Plaintiff is informed and believes and based thereon alleges that the file 23025B1F57308A2C154A4E78CD1CC36F remained in Fraczyk's share after Plaintiff's investigators initially recorded it, thereby making it available for other eDonkey2000 peers to download.

## SECOND CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

44.    Plaintiff repeats and incorporates by this reference the allegations set forth in paragraphs 1 through 43, inclusive.

45.    It is helpful to think of the process of transferring files on the eDonkey2000 Network in the context of a constructed puzzle.  In furtherance of sharing this puzzle, it is deconstructed into tiny pieces.  These pieces are then uploaded and distributed among one or more peers.  Once a peer identifies a file he wants to download, the Network locates all the peers currently on line and offering for distribution the identical file as identified by the unique hash id.    The eDonkey client, in conjunction with software residing on tracking servers, is capable of locating all the unique corresponding pieces that make up the original

First Amended Complaint
10-3647 (WHA)

file.  The software then downloads pieces of the file from various peers, always seeking the pieces that will download the fastest.  Once all the pieces are located and downloaded, the software places the pieces into the original order thereby reconstructing the entire original copyrighted file.

46.    When users all possess the same infringing file as identified by the unique hash value (as in this case), it is because each infringer possesses an exact digital copy containing the exact pieces unique to that file.  Returning to the puzzle analogy, other puzzles may be constructed from the same movie, but those pieces will not fit together with the pieces from another puzzle.  Only pieces from the puzzle identified by the unique hash i.d. will fit together.

47.    Each of the Defendants downloaded, uploaded, and distributed the precise same hash file to the eDonkey2000 network.

48.    Because it is the exact same motion picture, using the exact same hash, in the same general timeframe, the transaction of events at issue in this Complaint is common to all Defendants, thus rendering the Defendants properly joined in this action.

49.    Each of the peers who illegally downloaded the movie derived portions of their illegal replication of the file from multiple peers including the other Defendants.  At the same time, each Defendant offered pieces of the file to help other peers, including the remaining Defendants, replicate and compile new copies of the file.

50.    The Defendants knew of the infringement and were conscious of their own infringement and of the fact that multiple other persons derivatively downloaded the file containing Plaintiff's Motion Picture.

-16-

First Amended Complaint
10-3647 (WHA)

51.     The infringement by other eDonkey2000 peers could not have occurred but for the Defendants' participation in uploading the Plaintiff's protected work.  As such, the Defendants' participation in the infringing activities of others is substantial.

52.     Each defendant is contributory liable for the infringing acts of the other Defendants.

### THIRD CAUSE OF ACTION
### VICARIOUS COPYRIGHT INFRINGEMENT

53.     Plaintiff repeats and incorporates by this reference the allegations set forth in paragraphs 1 through 52, inclusive.

54.     The Defendants each received a direct financial benefit from the infringing conduct of the other Defendants who offered *Breakers* for download, by receiving a free reproduction of Plaintiff's movie, *Breakers*.

55.     Plaintiff is informed and believes and based thereon alleges that each Defendant received free unauthorized copies of other movies in exchange for offering a free copy of *Breakers* to other peers including the remaining Defendants.

56.     Defendants could have prevented the infringing activity of their peers by refraining from offering infringing copies of *Breakers* for those peers to download and further distribute.  Thus, each Defendant had the right and ability to control the infringing activity of the other Defendants with regard to *Breakers*.

57.     Each of the Defendants is vicariously liable for the infringing activity of the remaining Defendants.

-17-

First Amended Complaint
10-3647 (WHA)

## FORTH CAUSE OF ACTION
## CIVIL CONSPIRACY

58.     Plaintiff repeats and incorporates by this reference the allegations set forth in paragraphs 1 through 57, inclusive.

59.     Without authorization, each of the Defendants uploaded and distributed Plaintiff's copyrighted work by and through the eDonkey2000 Network.

60.     The eDonkey2000 Network is used almost exclusively to locate, reproduce, and distribute infringing content.

61.     Plaintiff is informed and believes and based thereon alleges that the material made available by and through the eDonkey2000 Network includes a substantial amount of obviously unauthorized material including, for example, first run feature films prior to DVD or even box office release.

62.     In order to access and use the eDonkey2000 Network, a user must first download special software called an eDonkey client.

63.     The center of the conspiracy is the scheme to traffic in infringing content.

64.     The purpose of the eDonkey2000 Network (i.e., for certain participants to identify themselves as a source for a file hash and thereby facilitate the reproduction and distribution of infringing copies of copyrighted works between a network of coconspirators) is apparent to any user who downloads a eDonkey client and uses the client for that purpose.

65.     Once a user identifies and selects the infringing content he wants to download, he or she can then use the eDonkey client to locate that file, on the computers of

First Amended Complaint
10-3647 (WHA)

other users offering the file for distribution and then transfer the infringing file to his or her computer.

66.     The transfer of infringing files cannot occur without the existence and assistance of the participant users, including the Defendants named herein, who supply the infringing content.

67.     Plaintiff is informed and believes and based thereon alleges that each of the Defendants downloaded an eDonkey client for the purpose of conspiring with other eDonkey2000 Network users to reproduce and distribute movies generally, and *Breakers* specifically, in violation of copyright laws.

68.     Plaintiff is informed and believes and based thereon alleges that at the time each Defendant downloaded an eDonkey client, he or she knew the client would provide access to infringing movies made available by other users and would allow the Defendant to provide infringing movies to other eDonkey2000 Network users.

69.     Plaintiff is informed and believes, and based thereon alleges, that at the time each Defendant downloaded an eDonkey client, he or she intended to access a network of other eDonkey2000 Network users for the purpose of reproducing and exchanging infringing copies of movies in violation of copyright laws.

70.     Plaintiff is informed and believes, and based thereon alleges, that eDonkey clients reward users for making content available to others by enabling faster download speeds for those who make content available.

71.     Plaintiff is informed and believes and based thereon alleges that in addition to the infringing files containing digital copies of Plaintiff's movies, each identified

-19-

Defendant without authorization offered infringing content belonging to other copyright holders for others to download, knowing the infringing nature of the content they offered.

72.     Plaintiff is informed and believes and based thereon alleges that each Defendant without authorization offered infringing content to others, knowing that other eDonkey2000 Network users would download the infringing content and further distribute it in exchange for still more infringing content.

73.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant distributed infringing movies, including *Breakers*, in anticipation of receiving copies of infringing movies in return.

74.     Each Defendant knew or should have known that the infringing content the Defendant downloaded to his or her computer came from the computers of other users, who made the content available to him or her, as well as others in the same network of eDonkey2000 Network users, in violation of copyright laws.

75.     Each Defendant understood the nature of the conspiracy to violate copyrights and agreed to join the conspiracy by downloading an eDonkey client with the intention of using that eDonkey client to knowingly download, reproduce, and distribute infringing files with coconspirators.

76.     Each Defendant engaged in an unlawful act in furtherance of the conspiracy when he or she, without authorization, used an eDonkey client to download, reproduce, and distribute copies of Plaintiff's copyright registered work, *Breakers*.

77.     Defendants, all and each of them, conspired with the other Defendants by agreeing to provide infringing reproductions of various copyright protected works,

-20-

including Plaintiff's work *Breakers*, in exchange for infringing reproductions of other copyright protected works, including other works belonging to Plaintiff.

78.     Each Defendant took affirmative steps to advance the conspiracy by unlawfully and without authorization reproducing Plaintiff's work, *Breakers*, and distributing the work to coconspirators by and through the eDonkey2000 Network in anticipation of receiving other infringing copies of copyright protected works in exchange.

79.     The Defendants' conspiracy with others to unlawfully reproduce and distribute infringing copies of infringing works by and through the eDonkey2000 Network caused Plaintiff harm in an amount to be determined at trial.

80.     Each Defendant is jointly and severally liable for the harm Plaintiff suffered as a result of the Defendants participation in the conspiracy to illegally reproduce, distribute and exchange infringing copyright protected works.

## FIFTH CAUSE OF ACTION
## NEGLIGENCE

81.     Plaintiff repeats and incorporates by this reference the allegations set forth in paragraphs 1 through 80, inclusive.

82.     Defendants accessed or controlled access to the Internet connection used in performing the unauthorized copying and sharing of Plaintiff's Motion Picture described above.

83.     Defendants failed to adequately secure their Internet access, whether accessible only through their computer when physically connected to an Internet router, or

First Amended Complaint
10-3647 (WHA)

accessible to many computers by use of a wireless router, and failed to prevent its use for this unlawful purpose.

84.     Reasonable Internet users take steps to secure their Internet access accounts to prevent the use of such accounts for nefarious and illegal purposes.   As such, Defendants' failure to secure their Internet access accounts, and thereby prevent such illegal uses thereof, constitutes a breach of the ordinary care that reasonable persons exercise in using an Internet access account.  In fact, AT&T, the Internet service provider who provided service for Defendants requires in its Terms of Use that subscribers secure wireless routers with a password.

85.     Upon information and belief, Plaintiff alleges that Defendants' failure to secure their Internet access allowed for the copying and sharing of Plaintiff's Motion Picture *Breakers* by use of the eDonkey2000 Network on Defendants' respective Internet connections, and interfering with Plaintiff's exclusive rights in the copyrighted work.

86.     By virtue of this unsecured access, Defendants negligently allowed the use of their Internet access accounts to perform the above-described copying and sharing of Plaintiff's copyrighted Motion Picture, *Breakers*.

87.     Had Defendants taken reasonable care in securing access to their Internet connections, such infringements as those described above would not have occurred by the use of their Internet access accounts.

88.     Defendants' negligent actions allowed others to unlawfully copy and share Plaintiff's copyrighted Motion Picture, *Breakers*, proximately causing financial harm to Plaintiff and unlawfully interfering with Plaintiff's exclusive rights in the Motion Picture.

First Amended Complaint
10-3647 (WHA)

## JURY DEMAND

89.   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues properly triable by a jury in this action.

## PRAYER

WHEREFORE, Plaintiff Io Group, Inc. respectfully requests judgment as follows:

(1)   That the Court enter a judgment against all Defendants that they have: a) willfully infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501; and b) otherwise injured the business reputation and business of Plaintiff by all Defendants' acts and conduct set forth in this Complaint.

(2)   That the Court issue injunctive relief against all Defendants, and that all Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, be enjoined and restrained from copying, posting or making any other infringing use or infringing distribution of audiovisual works, photographs or other materials owned by or registered to Plaintiff;

(3)   That the Court enter an order of impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of Plaintiff's audiovisual works, photographs or other materials, which are in Defendants' possession or under their control;

(4)   That the Court order all Defendants to pay Plaintiff's general, special, actual and statutory damages as follows: Plaintiff's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages in the amount of one

First Amended Complaint
10-3647 (WHA)

hundred fifty thousand dollars ($150,000.00) per infringed work, pursuant to 17 U.S.C. § 504(c)(2), for Defendants' willful infringement of Plaintiff's copyrights;

(5)     That the Court order all Defendants to pay Plaintiff both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 504; and

(6)     That the Court grant to Plaintiff such other and additional relief as is just and proper.

Dated:  May 24, 2011                    Respectfully submitted,


                                        /s/ D. Gill Sperlein

                                        _____
                                        D. GILL SPERLEIN
                                        THE LAW OFFICE OF D. GILL SPERLEIN
                                        Attorney for Plaintiff, IO GROUP, INC.

First Amended Complaint
10-3647 (WHA)