1

2

3

4

5

6                     IN THE UNITED STATES DISTRICT COURT

7

8                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   IO GROUP, INC. d/b/a TITAN MEDIA, a
     California corporation,
11                                                        No. C 10-03647 WHA

12              Plaintiff,

13        v.
                                                          **ORDER GRANTING**
14   MARIUSZ PRALAT, CAROL B. PEAL,                       **PLAINTIFF'S MOTION**
     YUNSHU KANG, CHUN RONG ZHENG,                        **FOR DEFAULT JUDGMENT**
15   ZHI NENG WU, RUBEN MORENO, HAO
     XU, CHIAFEN LIN, SANG YEOL KIM, and
16   MALGORZATA FRACZYK, individuals,

17              Defendants.
                                                    /
18

19                              **INTRODUCTION**

20        In this copyright-infringement action, plaintiff moves for default judgment against the

21   two remaining defendants.  For the following reasons, plaintiff's motion is **GRANTED**.

22                               **STATEMENT**

23        Plaintiff commenced this action against 244 Doe defendants in August 2010.

24   Plaintiff produces, markets, and distributes adult entertainment products, including videos.

25   "Plaintiff operates and maintains a website by and through which customers paying a monthly

26   subscription fee may view Plaintiff's photographic and audiovisual works."  In 2007, plaintiff

27   created the movie *Breakers*, which allegedly is of high production value and is "easily discernible

28

**United States District Court**
For the Northern District of California

1    as a professional work."  Plaintiff holds a copyright registration certificate from the United States

2    Copyright Office for *Breakers* (First Amd. Compl. ¶¶ 5, 22, 33; Ruoff Decl. Exh. A).

3         Defendants are allegedly participants in the eDonkey2000 network, a "peer-to-peer" file

4    sharing system.  The "eDonkey2000 Network allows users simultaneously to download and

5    upload pieces of a file from multiple peers."  Plaintiff alleges that defendants used this network

6    to engage in a copyright infringement scheme together.  "During the months of April, May, and

7    June 2010, they all reproduced, shared, distributed, and republished the same file . . . containing

8    Plaintiff's motion picture, *Breakers* (First Amd. Compl. ¶¶ 10, 24).

9         Defendants Mariusz Pralat and Malgorzata Fraczyk were served with the first amended

10   complaint and summons on May 25, 2011, alleging (1) copyright infringement, (2) contributory

11   copyright infringement, (3) vicarious copyright infringement, (4) negligence, and (5) civil

12   conspiracy.  Pralat and Fraczyk failed to answer the complaint or to otherwise make appearances

13   in this action.  On July 20, 2011, the Clerk of the Court entered default as to defendants Pralat

14   and Fraczyk, the last two defendants remaining in this action (Dkt. Nos. 52, 55).

15        Plaintiff now moves for default judgment against Pralat and Fraczyk, jointly and severally,

16   for the maximum statutory damages of $30,000 for infringing its copyright in *Breakers*.

17   Defendants were served with copies of this motion, but neither defendant filed an opposition.

18   A hearing on the instant motion was held on October 6.  Defendants did not appear at the hearing,

19   either personally or through counsel.  At the hearing, plaintiff's counsel said after serving the

20   defendants with this motion, one packet was returned to him as undeliverable.  Counsel also

21   stated that he previously spoke on the phone with that defendant, and that defendant was made

22   aware of the present action by service of the summons and the complaint.

23                                    **ANALYSIS**

24        Pursuant to FRCP 55(a), a default judgment can be entered "[w]hen a party against

25   whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."

26   Although there is a "general rule that default judgments are ordinarily disfavored," the factors to

27   consider when exercising discretion as to the entry of a default judgment are:  (1) the possibility

28   of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency

**United States District Court**
For the Northern District of California

2

of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In the present action, these factors weigh in favor of the entry of default judgment against defendants Pralat and Fraczyk.

**1. MERITS OF PLAINTIFF'S SUBSTANTIVE CLAIMS AND SUFFICIENCY OF THE COMPLAINT.**

"The general rule is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). Thus, this order considers the merits of plaintiff's substantive claims, the sufficiency of the complaint, and the possibility of a dispute concerning the material facts together. All three of these factors weigh in favor of entering default judgment against the two remaining defendants. Because plaintiff only addresses and seeks damages for direct copyright infringement in its brief, this order too only reaches plaintiff's claim for direct infringement.

Plaintiff alleges that defendants infringed its copyright in the movie *Breakers* in violation of Section 501 of Title 17 of the United States Code. Section 501(a) states: "Anyone who violated any of the exclusive rights of the copyright owner as provided by sections 106 through 122 . . . is an infringer of the copyright." In order to state a claim for copyright infringement, plaintiff must show (1) that it owns a valid copyright in the allegedly infringed material, and (2) that defendants violated an exclusive right granted to the copyright owner. The exclusive rights of the copyright owner are enumerated in Section 106 and include "to reproduce the copyrighted work in copies or phonorecords" and "to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. 106(1), (3).

The operative complaint alleges that plaintiff holds a copyright registration certificate from the United States Copyright Office for the 2007 movie *Breakers*. The registration certificate is also attached as exhibit A to the Ruoff declaration. Under our copyright laws, a registration certificate constitutes prima facie evidence of a valid copyright, and shifts the burden to the opposing party to prove the invalidity of the copyright. *Entm't Research Group, Inc. v. Genesis*

*Creative Group, Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997).  Defendants have not offered any evidence to rebut the presumption created by plaintiff's copyright registration certificate that plaintiff's copyright in *Breakers* is valid.

Plaintiff further asserts that defendants reproduced and distributed its copyrighted work, *Breakers*, by and through the eDonkey2000 peer-to-peer network without authorization (First Amd. Compl. ¶¶ 33–34).  Plaintiff has pled facts to demonstrate defendants violated its exclusive rights as the copyright owner of *Breakers*.  Taking the factual allegations of the complaint as true, plaintiff has sufficiently pled facts establishing a copyright infringement claim against defendants. These factors weigh in favor of entering default judgment against defendants.

**2.    FOUR REMAINING *EITEL* FACTORS.**

The remaining *Eitel* factors — the possibility of prejudice to the plaintiff, the sum of money at stake, whether the default was due to excusable neglect, and the strong policy underlying the FRCP favoring decisions on the merits — also favor entry of default judgment against defendants Pralat and Fraczyk.  *First*, plaintiff would be prejudiced if default judgment were not entered against defendants.  This would allow their alleged infringing conduct to continue undeterred and leave plaintiff without recourse against them or a way to recoup lost profits.  *Second*, the maximum amount of damages sought by plaintiff is $30,000.  This is substantially less than the $3 million in damages at stake in *Eitel*.  *Third*, defendants have been served with the complaint and summons, as well as numerous other documents in this action, but have failed to make an appearance.  No oppositions to this motion were filed, and defendants did not appear at the hearing.  Excusable neglect is thus unlikely.  *Fourth*, FRCP 55(a) provides for a default judgment to be entered in circumstances where the defendants fail to appear, such as here. The fact that defendants refuse to participate in the judicial process renders a decision on the merits virtually impossible.  Accordingly, the seven *Eitel* factors all weigh in favor of granting default judgment against the two remaining defendants.

United States District Court

For the Northern District of California

4

**3.    DAMAGES.**

The owner of a copyright is entitled to recover the actual damages suffered as a result of a copyright infringement in addition to any profits earned by the copyright infringer.  17 U.S.C. 504(a).  In the alternative,

> the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just.

17 U.S.C. 504(c)(1).  Plaintiff requests $30,000 in damages, the maximum statutory damages award permissible for the copyright infringement of one work, when willfulness is not established.

District courts have "wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima."  *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984).  The maximum statutory damages award for the infringement of *Breakers* is $30,000 and the minimum is $750.  In determining the amount of damages to award, the court is guided by

> what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like, . . . but with the express qualification that in every case the assessment must be within the prescribed [maximum or minimum]. Within these limitations the court's discretion and sense of justice are controlling.

*Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990) (internal citation omitted).  Moreover, the statutory rule is designed to discourage wrongful conduct.  *F. W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 233 (1952).  "Even for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within statutory limits to sanction and vindicate the statutory policy."  *Ibid.*

Plaintiff seeks the maximum statutory damages because its works are valuable and defendants' acts harmed and continue to harm the value of its works.  Plaintiff alleged that its works, including *Breakers*, are of high quality, and plaintiff has won numerous awards for its productions.  Attachments to the Ruoff declaration show that the suggested retail price of a

5

"3-Disc Combo Pack" of *Breakers* retails on its website for $49.95.  In addition, a monthly subscription to plaintiff's website costs $29.95.  As plaintiff's exhibits demonstrate, the prices for plaintiff's films and website featuring adult content are higher than the prices for non-erotic films. Furthermore, plaintiff considers online piracy to be the "single greatest threat" to the continued viability of its business because it threatens to reduce future sales and memberships to its website (Ruoff Decl. ¶ 11, Exhs. B–E).

Moreover, "Defendants caused Plaintiff harm by reproducing and distributing Plaintiff's works with no digital protection systems, thereby making it possible for the unending and continual distribution of *Breakers*, by and through peer-to-peer networks" (Br. 5; Ruoff Decl. ¶ 10).  Due to the type of infringement committed by defendants, there could be an infinite number of potential customers of plaintiff who are instead viewing *Breakers* without any compensation to plaintiff.

There is no evidence, however, that defendants profited from their infringement in any way.  Nor were defendants the creators or owners of the eDonkey2000 network used to infringe plaintiff's works; they were mere users of the infringing website.  Although the conduct of defendants was damaging to plaintiff's business, it was not so egregious as to warrant the maximum damages award under the statute.

This order finds that the extensiveness and continuity of the infringement of *Breakers* has caused substantial harm to plaintiff, and an award of $20,000 against defendants jointly and severally is appropriate.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for default judgment against defendants Pralat and Fraczyk, jointly and severally for the amount of $20,000, is **GRANTED**.

**IT IS SO ORDERED.**

Dated:  October 7, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California